**UNITED STATES, Appellee,**

v.

**Sergeant Mark A. HOOD, 552–79–2268, United States Army, Appellant.**

**ACMR 9201347.**

U.S. Army Court of Military Review.

30 June 1993.

For Appellant: Major James M. Heaton, JAGC, Captain Clement B. Lewis, III JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC (on brief).

Before CREAN, WERNER and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Contrary to his pleas, the appellant was found guilty, by a special court-martial composed of officer and enlisted members, of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1988 and Supp.V 1987) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, and forfeiture of $523.00 pay per month for three months.

The appellant asserts that his court-martial lacked jurisdiction because it was composed of officer and enlisted members with no evidence in the record of trial that the appellant personally requested this type of forum. We agree.

In an Article 39(a), UCMJ, session on 13 May 1992, the military judge advised the appellant of his three trial forum options of military judge alone, panel of officers, or a panel of at least one-third enlisted members. The appellant was not prepared to state which forum he desired. The military judge gave the appellant until 9 June 1992 to decide. On 16 June 1992, the court-martial was convened with officer and enlisted members detailed and present. After conducting *voir dire*, the trial defense counsel challenged the entire panel for cause based on each member's inelastic sentencing attitude. The challenge was granted by the military judge. The court-martial was convened the following day with a new panel that again included enlisted members. This panel determined both the findings and the appellant's sentence. There is nothing in the record, oral or written, to indicate that the appellant personally made this choice of forum on, before, or after 9 June 1992.

Rule for Courts–Martial 903(b)(1) [hereinafter R.C.M.] states that, "[a] request for the membership of the court-martial to include enlisted persons shall be in writing and signed by the accused." Article 25(c)(1), UCMJ, provides for enlisted membership on a court-martial "only if ... the accused personally has requested orally on the record or in writing" that the court-martial include enlisted members.

In *United States v. Brookins*, 33 M.J. 793, 796 (A.C.M.R.1991), this Court announced that Article 25(c), UCMJ, compels the conclusion that Congress intended that a request for enlisted members be an affirmative statement made personally by the accused in open court, and not mere silent acquiescence to a proceeding that included a panel with enlisted members. There, the accused was sentenced by a panel composed of officer and enlisted members after he was found guilty by the military judge. The Court considered the total absence of a request for enlisted members as a jurisdictional defect. Because this omission did not affect the authority of the military judge who convicted the appellant, the Court did not disturb the findings of guilty. The Court, however, invalidated that portion of the trial that included participation by the panel—the sentencing proceedings and the sentence.

We are confronted, in the instant case, with a similar failure of the record to indicate the appellant's personal election of a

forum consistent with the requirements of Article 25(c) and R.C.M. 903(b). We find that this omission is a jurisdictional defect that applies to both the findings and the sentence. Accordingly, we hold that the court-martial that tried and sentenced the appellant was improperly constituted, making the entire proceeding void.

The findings of guilty and the sentence are set aside. An other trial may be ordered. R.C.M. 810(e).

Senior Judge CREAN and Judge WERNER concur.