**UNITED STATES, Appellant,**

v.

**Vincent J. MAYFIELD, Aviation Ord-nanceman, Airman Apprentice, U.S. Navy, Appellee.**

No. 96–5002.
Crim.App. No. 95–0047.

U.S. Court of Appeals for
the Armed Forces.

Argued June 25, 1996.

Decided Sept. 27, 1996.

For the Accused: *Lieutenant Steven B. Fillman,* JAGC, USNR (argued); *Major David S. Jonas,* USMC (on brief).

For the United States: *Lieutenant Andrew J. Waghorn,* JAGC, USNR (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, the accused was convicted at Naval Base, Norfolk, Virginia, of wrongful distribution of marijuana (2 specifications) and wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The accused was sentenced to a bad-conduct discharge, 180 days' confinement, partial forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results. The Court of Criminal Appeals set aside the findings and sentence. 43 MJ 766 (1995). The Judge Advocate General of the Navy certified the following issues for review:

I

WHETHER THE MILITARY JUDGE'S FAILURE TO OBTAIN [THE AC-CUSED'S] REQUEST FOR MILITARY JUDGE ALONE ORALLY ON THE RECORD PRIOR TO ASSEMBLY OF THE COURT WAS HARMLESS ERROR WHERE [THE ACCUSED] SUBMITTED PRETRIAL PAPERWORK THROUGH COUNSEL REQUESTING TRIAL BY MILITARY JUDGE ALONE AND CONFIRMED THAT FACT ORALLY ON THE RECORD DURING A POST–TRIAL SESSION CALLED BY THE MILITARY JUDGE TO CORRECT THE EARLIER DISCREPANCY.

## II

WHETHER THE FAILURE OF A MILITARY JUDGE TO OBTAIN AN ACCUSED'S REQUEST FOR TRIAL BY MILITARY JUDGE ALONE ORALLY ON THE RECORD PRIOR TO ASSEMBLY IS A JURISDICTIONAL ERROR WHERE THERE IS EVIDENCE OF RECORD TO PROVE THAT THE ACCUSED WAS ADVISED OF HIS RIGHTS WITH RESPECT TO FORUM SELECTION AND KNOWINGLY AND INTELLIGENTLY WAIVED HIS RIGHT TO TRIAL BY MEMBERS.

## III

WHETHER A POST–TRIAL SESSION MAY PROPERLY BE USED AS THE VEHICLE TO CURE JURISDICTIONAL ERRORS CREATED BY A MILITARY JUDGE'S FAILURE TO OBTAIN AN ACCUSED'S REQUEST FOR TRIAL BY MILITARY JUDGE ALONE EITHER IN WRITING OR ORALLY ON THE RECORD PRIOR TO ASSEMBLY?

We answer the first and third certified questions in the affirmative and the second in the negative.

## FACTS

Before the trial, the accused submitted "pretrial paper-work" for a trial by military judge alone. Although the first judge, Kenneth A. Krantz, was replaced, his successor, James J. Quigley, noted Judge Krantz' absence. Judge Quigley then asked either side if they would like to question him or challenge him for cause. Both sides declined. He further asked if there were any motions. There were none. After advising the accused of what rights he affirmatively waived by a guilty plea, as well as determining he understood the elements of the offenses and believed he was guilty, the judge entered findings of guilty to all charges and specifications.

After findings, the judge announced, "We're now in the sentencing part of the court-martial...." The judge explained to the accused his rights during the sentencing stage of the proceeding. Trial counsel then noted that the data on the charge sheet was correct. Both sides were permitted to submit matters during the sentencing stage. Thereafter, Judge Quigley sentenced the accused. The judge, however, had failed to obtain the accused's oral request for trial by judge alone on the record, and the trial had continued without objection.

Prior to authenticating the record of trial, the military judge realized that there was no oral or signed request for trial by judge alone and convened a post-trial session under Article 39(a), UCMJ, 10 USC § 839(a). During that session, the accused confirmed on the record that he had submitted a written request for trial by judge alone and that he had desired to be tried by judge alone.

## DISCUSSION

The Military Justice Act of 1968, Pub.L. No. 90–632, 82 Stat. 1335, modernized the military justice system. Prior to that Act, a servicemember in a special or general court-martial could only be tried by members. The 1968 Act, however, permitted an accused to elect a trial before a judge alone "if before the court [was] assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, request[ed] in writing a court composed only of a military judge and the military judge approves." Art. 16(1)(B), UCMJ, 10 USC § 816(1)(B).

After the Military Justice Act of 1968, this Court, in *United States v. Dean*, 20 USCMA 212, 43 CMR 52 (1970), held that the military judge's failure to obtain the accused's written request for a bench trial before assembly was a jurisdictional defect that could not be cured by a post-trial Article 39(a) session. Pursuant to *Dean*, the judge had no authority to act as a court-martial in the absence of a written request for a trial by judge alone which was submitted and approved prior to assembly.

After *Dean*, Article 16 was amended by the Military Justice Act of 1983 to permit an oral request "on the record." Pub.L. No. 98–209 § 3(a), 97 Stat. 1394. Consistent with this change, RCM 903(b)(2), Manual for

Courts–Martial, United States (1995 ed.), also provides: "A request for trial by military judge alone shall be made in writing and signed by the accused or shall be made orally on the record."

Prior to assembly, there was no written request for a trial by judge alone signed by the accused and approved by the judge. The original judge who sat on two sessions under Article 39(a) did not sit at the time of the plea in the case. However, the change of judge was mentioned on the record, followed by advice by Judge Quigley on the right to counsel, the right to plead not guilty, and the waiver of various constitutional rights by a plea of guilty. Judge Quigley also conducted a detailed providence inquiry.

Based on the dialogue at trial, *see* Appendix 8, Guide for General and Special Courts–Martial, Manual, *supra*, it certainly was clear to the parties that Judge Quigley would determine the providence of the pleas and sentence the accused. No caution flag or objection was raised by any party, and the trial proceeded in normal fashion except for the absence of the accused's orally requesting or signing the judge-alone request.

After the trial, the judge noticed that there was no timely oral or written request on the record for a trial by judge alone. Under RCM 1102(d), which authorizes a judge to "direct a post-trial session any time before the record is authenticated," the military judge convened a proceeding in revision "to correct [this] apparent ... omission...." *See* Art. 60(e)(2), UCMJ, 10 USC § 860(e) (1983); *see also United States v. Barnes*, 21 USCMA 169, 44 CMR 223 (1972) (proceeding in revision authorized to establish that accused was aware of rights to individual military counsel and civilian counsel). At this proceeding, the accused confirmed his desire for a judge-alone trial. Thus, we hold that there was no jurisdictional error, and we reject the invitation to overrule *United States v. Dean*, 20 USCMA 212, 43 CMR 52 (1970).

Any error in this case was in the technical application of the statutory rules and was not a matter of substance leading to jurisdictional error. *See, e.g., United States v. King*, 28 MJ 397 (CMA 1989)(trial of accused by members appointed to a different court-martial was nonjurisdictional, nonprejudicial error); *United States v. Jette*, 25 MJ 16 (CMA 1987)(Court used *de facto* authority to affirm conviction even though convening authority possibly disqualified); *United States v. Yates*, 28 MJ 60 (CMA 1989)(Court unsympathetic when defense counsel failed to attack ability of officer to convene court-martial). Indeed, any error was harmless. Art. 59(a), UCMJ, 10 USC § 859(a).

We hold that the court below erred in finding that the absence of a request for trial by a military judge alone by the accused prior to assembly of a court-martial was a jurisdictional error.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the record of trial is returned to the Judge Advocate General of the Navy for remand to that court for further review.

Chief Judge COX, Judge GIERKE, and Senior Judge EVERETT concur.

SULLIVAN, Judge (concurring):

I agree with the majority's reliance on *United States v. Jette*, 25 MJ 16 (CMA 1987), and its progeny to resolve this case. A post-trial session under Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a), was ordered by the military judge in this case. The record states:

The court was called to order at 1308 hours, 6 October 1994.

MJ: This Article 39(a) session is called to order. All those present at the last session of court are again present, with the exception of the court reporter. LN2 Mohr is now the designated court reporter, replacing Petty Officer Long, and he's previously been sworn. I apologize for bringing you all back in again for this second post-trial 39(a) session. This time I want to solicit some more information from Airman Apprentice Mayfield. The problem is that Airman Apprentice Mayfield never indicated on the record that he wished to have his case tried by military judge alone, rather than a court composed of members. Airman Apprentice Mayfield, of course you

recall that you pled guilty at the session back on the 19th of September, when you had your family here. At that time, your defense counsel indicated in the pretrial paperwork that you wished to be tried by military judge alone rather than a court composed of members, and of course that request was approved and we proceeded with the trial, but I didn't make inquiry on the record concerning your understanding of your rights and your desires as to which type of court you wish to be tried by. Back on the 10th of August, Judge Krantz advised you of your rights, as far as forum selection. He advised you of your rights, as far as forum selection. He advised you that you have the right to be tried by a court composed of members, including if you request it, at least one-third enlisted personnel, and if the court members find you guilty of any offense, that those members would vote to determine a sentence. He asked you if you understood that and you responded that you did, and then he continued with the advice. He stated you are also advised that you may request to be tried by a military judge alone, and if such a request was approved, the military judge presiding at the time would determine your guilt or innocence, and if you were found guilty that judge would determine a sentence so that no members would be involved in such a trial, and he asked you if you understood that as well, an you responded that you did. Is that correct that you understand the advice that Judge Krantz gave you back there on the 10th of August 1994?

ACCUSED: Yes, sir, I did.

MJ: And back when we had the trial in which you pled guilty and we went into sentencing, did you understand those rights that he advised you of on that date?

ACCUSED: Yes, sir, I did.

MJ: Was it, in fact, your desire on the 19th of September, as your defense counsel indicated in the pretrial paperwork, to be tried by military judge alone, rather than have your case be heard by members?

ACCUSED: Yes, sir.

MJ: All right, and you understood that you had the right to have your case heard by members, and if you requested, enlisted personnel on that date?

ACCUSED: Yes, sir.

MJ: And you wished to be tried by a military judge alone?

ACCUSED: Yes, sir.

In my view, the military judge effectively entered a "nunc pro tunc" (now for then) order in this case. *See generally* 6A Moore's Federal Practice § 58:08 at 58–68 to–58–72 (2d ed. 1996). The military judge used this order to correct his earlier ministerial error in failing to secure the accused's oral request for trial by military judge. On the basis of the record before us, neither Article 16, Uniform Code of Military Justice, 10 USC § 816, nor justice requires any more. *See Weil v. Markowitz*, 829 F.2d, 166, 174–75 (D.C.Cir. 1987).