**UNITED STATES, Appellant,**

v.

**Allan L. TURNER, Chief Warrant Officer, U.S. Navy, Appellee.**

No. 97–5002.

Crim.App. No. 95–0904.

U.S. Court of Appeals for the Armed Forces.

Argued Sept. 10, 1997.

Decided Sept. 30, 1997.

Sullivan, J., filed opinion concurring in the result.

For the Accused: *Richard T. McNeil* (argued); *Mary Ramsay McCormick, Major Stephen D. Chace,* USMC, and *Lieutenant E.K. Rubiella,* JAGC, USN (on brief); *Commander Carol J. Cooper.*

For the United States: *Lieutenant Commander Nancy Blankenship Jones,* JAGC, USN (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, the accused was convicted of sodomy (2 specifications), assault consummated by a battery (6 specifications), committing indecent acts with a child under the age of 16 (2 specifications), and attempting to impede an investigation, in violation of Articles 125, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 925, 928, and 934, respectively. The convening authority approved the sentence of dismissal and 9 years' confinement. The Court of Criminal Appeals set aside the findings and sentence. 45 MJ 531. The following issues were certified by the Judge Advocate General of the Navy:

I. WHETHER UNDER UCMJ ARTICLE 16, A COURT–MARTIAL HAS JURISDICTION OVER A CASE WHERE AN ACCUSED DOES NOT PERSONALLY REQUEST TRIAL BY MILITARY JUDGE ALONE EITHER IN WRITING OR ORALLY ON THE RECORD, BUT RATHER, THE REQUEST IS MADE BY THE ACCUSED'S TRIAL DEFENSE COUNSEL ON HIS BEHALF, IN WRITING, PRIOR TO TRIAL AND THEN ORALLY CONFIRMED BY THE TRIAL DEFENSE COUNSEL AT TRIAL, ON THE RECORD, IN THE PRESENCE OF THE ACCUSED.

II. WHETHER A REQUEST FOR TRIAL BY MILITARY JUDGE ALONE MUST BE EXPRESSLY APPROVED

ON THE RECORD BY THE MILITARY JUDGE, OR CAN APPROVAL BE INFERRED FROM THE RECORD OF TRIAL.

III. IF CERTIFIED ISSUES I AND II ARE ANSWERED IN THE AFFIRMATIVE, DID THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERR IN HOLDING THAT: (1) THE REQUEST FOR TRIAL BY MILITARY JUDGE ALONE IN THIS CASE WAS INEFFECTIVE, DEPRIVING THE COURT–MARTIAL OF JURISDICTION AND (2) THAT THE MILITARY JUDGE NEVER PROPERLY APPROVED THE REQUEST FOR TRIAL BY MILITARY JUDGE ALONE.

The accused was advised by the judge of his forum choices. Subsequently, the accused's trial defense counsel made a written request for trial by judge alone. Trial defense counsel confirmed that request orally at trial while the accused was present. The accused did not object at trial and he has not objected or contradicted his counsel's representation to date. We hold that the court below erred in finding that the military judge had no jurisdiction to try the accused's court-martial. Under these facts, there was substantial compliance with Article 16, UCMJ, 10 USC § 816, and the error by the judge did not materially prejudice the substantial rights of the accused. Art. 59(a), UCMJ, 10 USC § 859(a).

## FACTS

The military judge explained the accused's rights as follows:

MJ: Warrant Officer Turner, you have the right to be tried by a court-martial composed of members. If you are found guilty of an offense, the members would determine a sentence. Do you understand that right?

ACC: Yes, sir.

MJ: You're also advised that you may request to be tried by military judge alone. If your request is approved, the military judge would determine your guilt or innocence. If you are found guilty, the military judge would then determine your sentence. Do you understand that?

ACC: Yes, sir.

Although the accused discussed his choices of forum with his lawyer, he initially deferred making a decision. In a one-paragraph letter dated January 3, 1995, trial defense counsel made a written request for a judge-alone trial. The letter stated, "Please accept this as notice that the accused has authorized me to state that he will select judge-alone as the forum for the aforementioned case. CWO2 Turner has been advised of his rights to trial by members, and has knowingly, voluntarily and intelligently waived trial by members." This letter was signed by trial defense counsel but not the accused. Inquiry at trial consisted of the following:

MJ: Any other matters to add to the record at this time?

TC: Sir, I believe the defense has provided a written request for judge alone. Would you like to add that to the record or orally take care of that?

MJ: We can add that to the record.

TC: Judge, we can take care of that orally, if you prefer.

MJ: I have it, and I'll mark that Appellate Exhibit VII [sic]. Any other documents?

TC: No further documents.

DC: No, sir.

MJ: Lieutenant Seacrist, I take it from this request that the decision has been made to go judge alone?

DC: Yes, sir.

The court below, relying upon *United States v. Mayfield*, 43 MJ 766 (N.M.Ct.Crim. App.1995), *remanded*, 45 MJ 176 (1996), held that failure of the accused personally to make a forum choice was a fatal jurisdictional defect and reversed. The lower court reasoned that *United States v. Dean*, 20 USCMA 212, 43 CMR 52 (1970), was still the law and concluded that it was bound by it. 45 MJ at 533–34.

## DISCUSSION

Article 16, in effect at the time of the accused's trial, provided in part:

The three kinds of courts-martial in each of the armed forces are—

(1) general courts-martial, consisting of—

(A) a military judge and not less than five members; or

(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge and the military judge approves[.]

The history behind Article 16 is set forth in *Mayfield,* 45 MJ at 177–78. Part of the impetus for Article 16 is *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). In *Patton,* the Supreme Court emphasized the need for the "express and intelligent consent of the defendant" to trial by the judge. *Id.* at 312, 50 S.Ct. at 263. Courts will not presume waiver based on a silent record. *Id.* at 311–12, 50 S.Ct. at 262–63.

*Patton* was the impetus for Fed.R.Crim.P. 23, the civilian counterpart of Article 16. Fed.R.Crim.P. 23(a) requires trial by jury "unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." Fed. R.Crim.P. 23(b) requires written agreement of the parties for a jury of less than 12 members. Prevailing federal practice is to treat the requirement for written waivers under both 23(a) and 23(b) as procedural requirements. Where the record reflects that the defendant understands his rights and desires either to waive a jury or to consent to a jury of less than 12 members, failure to reduce the waiver to writing is regarded as a nonjurisdictional procedural error. *Cf. United States v. Fisher,* 912 F.2d 728 (4th Cir.1990); *United States v. Saadya,* 750 F.2d 1419 (9th Cir.1985); *United States v. Page,* 661 F.2d 1080 (5th Cir.1981); *United States v. Ricks,* 475 F.2d 1326 (D.C.Cir.1973); *Rogers v. United States,* 319 F.2d 5 (7th Cir.1963).

Article 16 guarantees the right to a trial by court members. *See United States v. Mac-Culloch,* 40 MJ 236, 239 (CMA 1994). Other rights to be decided personally by an accused include the type of plea to make, the right to testify in his or her own behalf, the right to be present at trial, and the right to self-representation. *Id.*

The Uniform Code of Military Justice does not require that all these decisions be made on the record. However, a forum decision must be made "orally on the record or in writing." Because the accused in this case did not personally request a judge-alone trial, there was a violation of Article 16. However, we hold that this error does not require reversal of the accused's conviction.

At the accused's original Article 39(a), UCMJ, 10 USC § 839(a), session, the military judge explained his rights to a trial with members or a trial by judge alone. After this advice, the accused said that he had discussed the choices with his defense counsel and wanted to defer any action for a while. Two months later, trial defense counsel, acting on behalf of and in the presence of the accused, selected trial by judge alone. The accused did not object in any manner. He did not object at the time of the convening authority's action and has not contradicted his counsel's representation to this date. There is no allegation that the accused was coerced or was incompetent to make a knowing and intelligent waiver. Thus, while there was a violation of Article 16, there has been substantial compliance in this case with that Article. *People v. Sailor,* 43 Ill.2d 256, 253 N.E.2d 397, 399 (1969).

The record of trial as a whole makes clear that the selection was the accused's choice, and that the error—obtaining the oral statement of selection of the forum from counsel rather than the accused—did not materially prejudice the substantial rights of the accused. Art. 59(a). However, we expect military judges to inform accused persons, on the record, of their right to trial by courts-martial and to trial by judge alone, and to obtain from the accused either an oral waiver on the record or a written waiver pursuant to Article 16.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside, and the record of trial is returned

to the Judge Advocate General of the Navy for remand to that court for further review.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (concurring in the result):

There was no violation of Article 16(1), Uniform Code of Military Justice, 10 USC § 816(1), in this case because the record shows substantial compliance with the requirements of that federal law. Common sense must prevail. As the majority states, "The history behind Article 16 is set forth in [*United States v.*] *Mayfield*, 45 MJ [176,] 177-78 [ (1996).]" 47 MJ at 350. The history behind *Mayfield* is the case law of *United States v. Yates*, 28 MJ 60 (CMA 1989), and *United States v. Jette*, 25 MJ 16 (CMA 1987). These three cases decide the matter at bar. Article 16 has been substantially complied with in this case.