**UNITED STATES, Appellee,**

v.

**Specialist Julie M. DANIELS, United States Army, Appellant.**

**ARMY 9700601.**

U.S. Army Court of Criminal Appeals.

12 July 1999.

For Appellant: Colonel John T. Phelps II, JA; Lieutenant Colonel Michael L. Walters, JA; Major Leslie A. Nepper, JA; Captain Paul J. Perrone, Jr., JA (on original brief); Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Leslie A. Nep-

per, JA; Captain Paul J. Perrone, Jr., JA (on supplemental brief); Captain Patricia A. Lewis, JA.

For Appellee: Colonel Joseph E. Ross, JA; Lieutenant Colonel Frederic L. Borch III, JA; Captain Elizabeth N. Porras, JA (on original brief); Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Captain Mary E. Braisted, JA (on supplemental brief).

Before TOOMEY, Senior Judge, TRANT, and NOVAK, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

NOVAK, Judge:

Contrary to her pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of making a false official statement and aggravated assault, in violation of Articles 107 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 928 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1. After initial review pursuant to Article 66, UCMJ, we determined that the record of trial contained no request, oral or written, by the appellant or her counsel, for a court-martial with enlisted members. *See* UCMJ art. 25(c)(1) (before the court is assembled, an appellant must "personally request[ ] orally on the record or in writing that enlisted members serve on" the court-martial). We returned the case for a *DuBay* [1] hearing to establish the appellant's forum selection. *United States v. Daniels*, ARMY 9700601 (Army Ct.Crim.App. 23 Sep. 1998)(unpub.). That hearing having been completed, the record is again before us for automatic review.

### Facts

At the *DuBay* hearing, conducted by the same military judge who presided over the court-martial, the appellant first confirmed that she remembered and understood the military judge's pre-arraignment advice about her rights to select a forum; she re-

1. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37    C.M.R. 411, 1967 WL 4276 (1967).

membered deferring her election at that 19 February 1997 Article 39(a), UCMJ, session; and she remembered subsequently thoroughly discussing her forum options with her counsel and voluntarily electing an enlisted panel. The military judge then appended to the rehearing record a memorandum dated 21 February 1997 prepared by the appellant's defense counsel as a result of the appellant's decision and provided to the trial counsel and military judge on that date. That memorandum states, "SPC Daniels requests an enlisted panel." Finally, in response to the military judge's questions, the appellant agreed that her counsel's subsequent courtroom actions were all in furtherance of her election of enlisted members.[2]

Based on the appellant's assurances, the military judge made findings of fact. He found that the appellant "personally, and voluntarily requested that she be tried by an enlisted panel in [her] case, even though [the judge] did not elicit that on the record." He also found that the appellant's "election . . . was freely and voluntarily made and that [she] did elect an enlisted panel."

### Discussion

The issue before this court is whether the military judge's failure to properly document, before assembly, the appellant's personal election of enlisted members represents a procedural defect which can be remedied at a post-trial *DuBay* hearing, or whether it constitutes a fundamental statutory violation which deprives a court-martial of jurisdiction at its inception. We hold that the judge's omission constitutes a procedural defect that was corrected in this case and that resulted

2. At a pretrial hearing, the defense counsel argued several suppression motions, claiming the evidence would inflame the passions of the members, and at trial, he declined to challenge any enlisted member after voir dire.

3. Like the request for enlisted members pursuant to Article 25(c)(1), UCMJ, Article 16(1)(B), UCMJ, requires that an appellant's request for trial by military judge alone be made "before the court is assembled" and "orally on the record or in writing."

4. The Act of 5 May 1950 allowed servicemembers for the first time to elect that enlisted members sit on courts-martial, which were previously composed solely of officer members. The text of

in no prejudice to the substantial rights of the appellant.

The Court of Appeals for the Armed Forces recently issued an opinion on similar facts in *United States v. Mayfield*, 45 M.J. 176 (1996). There, the appellant submitted "pretrial paper-work" through his counsel requesting trial by military judge alone, but the military judge did not obtain the appellant's written or oral election of forum during the court-martial.[3] After trial, but prior to authentication, the military judge called an Article 39(a), UCMJ, session, during which the appellant "confirmed on the record that he had submitted a written request for trial by judge alone and that he had desired to be tried by judge alone." *Mayfield*, 45 M.J. at 177. The court held that in light of the appellant's post-trial confirmation, there was no jurisdictional error. "Any error in [the] case was in the technical application of the statutory rules and was not a matter of substance leading to jurisdictional error." *Id.* at 178.

Although the facts of the *Mayfield* case and those of the instant case are very similar, they diverge in two respects. However, neither distinction compels a different result.

First, *Mayfield* involves waiver of a right to a trial by members under Article 16, UCMJ, while the appellant's case involves a request for enlisted members under Article 25, UCMJ. The critical language in both articles, however, is identical and is embodied in the phrase, "before the court is assembled." Based on our research of the legislative history of Article 25[4] and Article

Article 25(c)(1), UCMJ, allowed an election anytime "prior to the convening of" the court-martial. Under that language, "an accused [could] postpone his request for enlisted members until the appointed members of the court [had] gathered, and, if enlisted personnel [were] not then on the court, the court [was] forced to adjourn until enlisted members [were] obtained and some of the officer-members relieved." S.Rep. No. 90–1601, U.S.Code Cong. & Admin.News 1968, at 4501, 4506–07. *See generally United States v. Stipe*, 23 U.S.C.M.A. 11, 48 C.M.R. 267, 1974 WL 13809 (1974) (discussion of Congressional intent to allow election up until the last possible moment). An amendment in the Military Justice Act of 1968 was designed to remove this cause for delays of courts-martial, and to eliminate the confusion over the term "convene," a term of art

16,[5] UCMJ, which reflect an appellant's various trial forum options under current law, we can find no reason that "before the court is assembled" should be construed differently in interpreting the two articles, nor does any case prohibit such equation. Accordingly, we conclude that failure to enter on the record prior to assembly a forum election requesting enlisted members under Article 25, UCMJ, constitutes the same procedural error as failure to enter a waiver of trial by members under Article 16, UCMJ.

Second, the *Mayfield* case involves resolving an omission from the record of trial at a post-trial Article 39(a), UCMJ, session, while forum selection in the appellant's case was resolved at a *DuBay* hearing. Again, we find this to be a distinction without a difference. Our superior court has held both procedures to be equally valid methods of gathering evidence and making findings of fact and conclusions of law for appellate review. *See, e.g., United States v. Olivero*, 39 M.J. 246, 251 (C.M.A.1994) (Crawford, J., dissenting, lists both as alternative means of establishing evidence); *United States v. Brickey*, 16 M.J. 258, 264–65 (C.M.A.1983) (a post-trial Article 39(a), UCMJ, session called by a military judge "would nonetheless qualify as a *DuBay* hearing convened under Article 39(a) to allow the judge to make findings of fact and state conclusions of law which would assist in the appellate review of the case"). Thus, whether the forum selection is elicited on the record at a post-trial Article 39(a), UCMJ, session called by the military judge, or confirmed at a post-trial hearing ordered by the convening authority or this or another court, the selection is equally valid.

In a more recent case, our superior court again declined to require strict compliance with each statutory requirement in Article 16, UCMJ. In *United States v. Turner*, 47 M.J. 348 (1997), the appellant's trial defense counsel made a written request for trial by judge alone, which he confirmed orally at trial in the appellant's presence. The appellant did not object to his counsel's articulation of his election to be tried by military judge alone, nor did he contradict his counsel's representation on appeal. The court found substantial compliance with Article 16, UCMJ, under those facts. They further opined that *where the record of trial as a whole made clear that the selection was the appellant's choice*, the failure to obtain the selection of forum personally from the appellant did not materially prejudice his substantial rights. UCMJ art. 59(a).

We understand *Turner* and *Mayfield* as holding that where the substance of Article 16, UCMJ, but not its full technical requirements, has been met, a valid court-martial has been constituted. As the then Court of Military Appeals stated in *United States v. White*, 21 U.S.C.M.A. 583, 45 C.M.R. 357, 362, 1972 WL 14193 (1972), with regards to Article 25, UCMJ, "[W]e view the requirement [of a personal request] as having been enacted to make very certain that no person other than an accused could cause the presence of enlisted members on a panel." Then, comparing the requirements of Article 25, UCMJ, to those of Article 16, UCMJ, the court emphasized, "An accused cannot be compelled to be tried by a military judge alone; likewise, an accused cannot be com-

used to refer to the appointment of the court. The Act replaced the previous language with "before the conclusion of a [pre-trial] session called by the military judge under [Article 39(a), UCMJ,] or, in the absence of such a session, before the court is assembled for the trial of the accused." S.Rep. No. 90–1601, U.S.Code Cong. & Admin.News 1968, at 4506.

5. The Military Justice Act of 1968 amended Article 16, UCMJ, to allow servicemembers for the first time to elect trial by military judge (a position created by the Act), waiving a trial by members. Senate Report 90–1601 is silent, however, on any basis for the language "before the court is assembled." S.Rep. No. 90–1601, U.S.Code Cong. & Admin.News 1968, at 4504. Our supe-

rior court logically mused that the language likely "was added [to Article 16, UCMJ] to avoid the unnecessary expenditure of time by court members who would not be needed if the trial was conducted by a judge sitting alone. Another possibility is that Congress intended the election to be made deliberately, in an unhurried setting." *United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52, 54, 1970 WL 7427 (1970). The latter rationale, although not specified in the Senate Report, would apply equally to election of enlisted members pursuant to Article 25, UCMJ. *See also United States v. Morris*, 23 U.S.C.M.A. 319, 49 C.M.R. 653, 658–59, 1975 WL 15885 (1975) (court concludes that timing of submission of a request for judge alone is not jurisdictional and explains Congressional intent).

pelled to be tried by a panel with enlisted members. In each instance the choice is his. There is not enough conceptual difference between the two statutory requirements of [then only] written requests, logically to justify a rule in the instant case appreciably different from the *Dean* [6] rule."

We have reviewed the record of trial as a whole, including the record of the post-trial hearing, and conclude that the military judge's findings of fact are fully supported by the evidence. We concur that the appellant made a personal, voluntary, and fully informed election, before assembly, to be tried by a panel with enlisted members. No person other than the appellant caused the presence of enlisted members on her panel. We also note that the appellant has alleged no prejudice from the timing of the formal recording of her forum election, and we find none. UCMJ art. 59(a). She acknowledged during the post-trial hearing that her election was made and communicated to her counsel before any hearings on the motions, before voir dire, and before presentation of her defense case, and that her defense counsel made all tactical decisions based on their effect on an enlisted panel.

As a result, we find that the failure by the military judge to record the appellant's personal forum election before assembly of her court-martial was an error in the technical application of the requirements of Article 25, UCMJ; such error was not a matter of substance leading to jurisdictional error; and the error was rendered harmless by the ap-

pellant's unequivocal affirmations during the post-assembly proceedings. Our decision today does not recognize as acceptable, however, the military judge's failure to follow the straightforward script provided in the Military Judge's Benchbook. Dep't of Army, Pam. 27–9, Military Judges' Benchbook 11–12 (30 Sep. 1996). Less clear post-trial evidence of a personal, pre-assembly selection of forum, or proof of prejudice might dictate a different result, negating the efforts of all parties to the original court-martial. *See United States v. Townes*, 50 M.J. 762 (N.M.Ct.Crim.App.1999). We recall the admonishment of our superior court in *Turner*, which "expect[ed] military judges to inform accused persons, on the record, of their right to trial by courts-martial and to trial by judge alone, and to obtain from the accused either an oral [request] on the record or a written [request] pursuant to Article" 25, UCMJ. 47 M.J. at 350.

The findings of guilty and the sentence are affirmed.

Senior Judge TOOMEY and Judge TRANT concur.

---

6. *Dean* held that the military judge's failure to put in the record a written request for trial by judge alone, which was the only method of forum selection allowed at that time by Article 16, UCMJ, required reversal. We are unpersuaded by the appellant's argument that because *Mayfield* expressly "reject[ed] the invitation to overrule" *Dean*, we must find that there is no jurisdiction in the appellant's case. *Mayfield*, 45 M.J. at 178. Because the legally required forum selection appears on the record in *Mayfield* and in this case, *Dean* is inapposite. We also recognize that *White* paralleled *Dean*, concluding that a court with enlisted members did not have jurisdiction to try an accused who had not requested in writing that he be tried in that manner. *White*, 45 C.M.R. at 363 (noncompliance with the version of Article 25, UCMJ, then in effect requiring a written forum selection). Although *White* has not been overruled by our superior court,

our interpretation of *Mayfield* and *Turner*, which also overturned the service court's decision relying on *Dean*, is that *White* and *Dean* are inapposite in the appellant's case, as neither case reflects actual compliance with the requirements of Articles 16 or 25, UCMJ, as they existed at that time. *Compare United States v. Brandt*, 20 M.J. 74 (C.M.A.1985) (written request signed by *counsel*, confirmed on the record by *counsel*, held to be insufficient compliance with Article 25, UCMJ); *United States v. Brookins*, 33 M.J. 793 (A.C.M.R.1991) (post-trial affidavit by *counsel* was not *appellant's* personal request on the record or in writing in compliance with Article 25, UCMJ); *United States v. Hood*, 37 M.J. 784 (A.C.M.R.1993) (no evidence of personal selection on the record, either oral or in writing, by either the appellant or counsel). *See generally United States v. Lanier*, 50 M.J. 772 (Army Ct. Crim.App.1999).