UNITED STATES, Appellee

v.

Daniel E. MORGAN, Sergeant First Class
U.S. Army, Appellant

No. 01-0663

Crim. App. No. 9601890

United States Court of Appeals for the Armed Forces

Argued February 6, 2002

Decided August 1, 2002

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE and BAKER, JJ., joined. SULLIVAN, S.J., filed an opinion dissenting in part and concurring in the result. EFFRON, J., filed a dissenting opinion.


Counsel

For Appellant: Captain Fansu Ku (argued); Colonel Adele H. Odegard, Lieutenant Colonel E. Allen Chandler, Jr., and Major Mary M. McCord (on brief).


For Appellee: Major Paul T. Cygnarowicz (argued); Colonel Steven T. Salata, Captain William J. Nelson, and Captain Tami L. Dillahunt (on brief); Major Margaret B. Baines.


Military Judge: Richard J. Hough


**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.**

United States v. Morgan, No. 01-0663/AR

    Chief Judge CRAWFORD delivered the opinion of the Court.

    Contrary to his pleas, appellant was convicted of possession of marijuana with intent to distribute and importation of marijuana into the customs territory of the United States, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 USC § 912a.  A panel of officer and enlisted members, sitting as a general court-martial, sentenced him to a dishonorable discharge, confinement for six years, forfeiture of $437.00 pay per month for six years, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged and gave appellant 92 days of confinement credit.

    Before the Army Court of Criminal Appeals, appellant contended that the record of trial did not show that he made a personal selection for enlisted personnel to sit on the court, as required by Article 25(c)(1), UCMJ, 10 USC § 825(c)(1).[*]  The Court of Criminal Appeals ordered a limited hearing pursuant to United States v. DuBay, 17 USCMA 147, 37 CMR 411 (1967), to find facts pertinent to appellant's election of a forum at his court-martial.  Following this hearing, the Court of Criminal Appeals

---

[*] Article 25(c)(1) states that enlisted members may serve on a court-martial "only if, before the conclusion of a session called by the military judge under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused, the accused personally has requested orally on the record or in writing that enlisted members serve on it."

2

affirmed the findings of guilty and sentence in an unpublished
opinion.

We granted review of the following issue:

WHETHER THE RECORD OF TRIAL FAILS TO SHOW THAT
APPELLANT MADE A PERSONAL ELECTION OF FORUM IN THIS
CASE, THUS CREATING A JURISDICTIONAL ERROR REQUIRING
REVERSAL.

We hold that the military judge erred by not obtaining on the
record appellant's personal request for enlisted members, but
that there was substantial compliance with Article 25.  We
further hold that the error was not jurisdictional, and under
the circumstances, it did not materially prejudice the
substantial rights of appellant.  Art. 59(a), UCMJ, 10 USC §
859(a).

## FACTS

Appellant's trial was held on October 3 and November 4-7,
1996, and a DuBay hearing was held on April 26-27, 1999.

During his arraignment hearing on October 3, 1996,
appellant, a 47-year-old soldier with 14 years of education, a
GT score of 125, and more than 20 years of service, acknowledged
that he understood, inter alia, that at his request, at least
one-third of the members of his general court-martial could be
enlisted persons, and all would be senior to him.  When asked if
he was prepared to notify the court of his forum selection,
appellant's civilian defense counsel informed the judge that
they were not so prepared.  The hearing session concluded with

the setting of a trial date.  Civilian defense counsel clearly

informed the military judge that "there is going to be a panel."

The military judge set a deadline of October 21, 1996, for

appellant to make his forum selection.  On October 21, the

military judge received the following fax from the military

defense counsel:


                        COURTS-MARTIAL
                             IN
                        THE MATTER OF



     UNITED STATES                        NOTICE OF PLEA
                                *           AND OF FORUM
                                *
          V.

                                *
                                *
     SFC DANIEL MORGAN                     21 Oct 1996

     The defense hereby gives notice of the following in
     accordance with the Military Judge's instructions:

        a.  The defense will enter a plea of not guilty to
     all charges and specifications in the case of U.S. v.
     Morgan.

        b.  The defense will request trial before a court-
     martial panel consisting of at least one third enlisted
     members.

     The defense will promptly notify should these choices
     change prior to trial.


                             AMY L. ROOSE
                             CPT, JA
                             Defense Counsel


4

When appellant's court-martial reconvened on November 4, and after the disposition of several motions, the court-martial members entered the courtroom. Each was introduced by name and rank. Appellant and his counsel had copies of the convening orders detailing enlisted members to the court. At no time from November 4 through November 7 -- voir dire through sentencing -- did appellant ever object to the presence of enlisted members.

At the DuBay hearing conducted on April 26-27, 1999, appellant remembered being advised of his counsel rights and telling the military judge that he wanted his detailed military counsel, Captain Roose, and civilian counsel, Mr. James L. Willson, to represent him. He also remembered being advised of various rights he had as to a forum and reaffirmed that he understood those rights included the right to trial by enlisted members. He knew that if he elected enlisted members, at least one-third of the panel would be enlisted members, and they could not come from his company or battery. He remembered the military judge giving the members preliminary instructions, and seeing the grade/rank of each court member who was selected to judge his guilt or innocence.

Appellant affirmed that he understood it was his choice, not his attorney's choice, as to which forum (military judge alone; all officer members; or officers and at least one-third enlisted) would try him.

When appellant was asked by the military judge whether he remembered talking to his trial defense counsel about the forum selection, defense counsel representing appellant at the DuBay hearing interposed his first of several objections to the judge's invasion of the attorney/client privilege. Later in the hearing, the military judge asked appellant whether, after seeing the court members present, he at any time told his counsel, "Hey, I don't want this jury." Again, defense counsel advised appellant not to answer the question on the basis of attorney/client privilege. After repeated questioning by the military judge concerning what advice appellant understood and what elections he had made, defense counsel for the DuBay hearing summed up his position as follows:

> [T]he record clearly indicates that the panel is just brought in. So the accused was never asked by the court a month later, on the date when his trial began and the impaneling process was undertaken, what the choices were at that point in time.

Ms. Amy L. Roose, formerly Captain Roose and appellant's defense counsel at trial, was called as a witness. After unsuccessfully raising the attorney/client privilege and asking for a recess to contact her state bar, the military judge ordered her to testify. Ms. Roose then confirmed that the fax she sent to the military judge on October 21 "reflect[ed] what [her] client's wishes were," i.e., "the client was advised and ... he chose to go with the enlisted panel." Finally, Ms. Roose

6

testified that if appellant had changed his mind about requesting a one-third enlisted forum subsequent to her October 21 fax, she would have so advised the court. However, that did not happen.

Mr. Willson, civilian counsel at the original trial, was also called as a witness. Mr. Willson agreed that while counsel recommend an appropriate forum, it is ultimately the client's choice and decision. He remembered questioning the members and exercising challenges. After a defense objection and discussion of Mr. Willson's ethical responsibilities under the Oklahoma Bar Association's Rules of Professional Responsibility, particularly Rule 1.6, Mr. Willson agreed with the military judge's proposition that his (Willson's) trial tactics would be in accordance with the client's wishes in those areas where the client had the ultimate decision. Furthermore, he agreed that if his client wanted a forum other than that forum which appeared at trial, Mr. Willson would challenge it. Finally, he acknowledged that the October 21 fax, although it did not bear his signature, reflected appellant's selection of a forum consisting of enlisted members, and that he neither challenged the array or any individual enlisted member for cause.

The military judge at the DuBay hearing ordered by the court below found that appellant made an informed, personal

choice of forum in this case. He made the following pertinent

findings of fact:

> Three, at the Article 39(a) session, the military
> judge advised Sergeant First Class Morgan of his forum
> choices. He was advised that he could be tried by a
> panel comprised of officers, or at his choice, a panel
> composed of officers and enlisted members; or at his
> request, by a judge alone. He was also advised how
> each forum would work;
>
> Four, Sergeant First Class Morgan understood his
> forum choices;
>
> Five, the court granted the defense request to
> defer forum notification, but directed that the
> defense notify the court of Sergeant First Class
> Morgan's choice of forum not later than the close of
> business on the 21st of October 1996;
>
> Six, Captain Roose of the defense provided written
> notice to the court that Sergeant First Class Morgan
> would request to be tried before a court-martial
> consisting of a panel comprised of at least one-third
> enlisted members;
>
> Seven, prior to providing this notice to the court,
> Captain Roose discussed forum choices with Sergeant
> First Class Morgan, and Sergeant First Class Morgan
> personally chose to be tried by a court consisting of
> at least one-third enlisted members.

The court below, relying on the facts derived from the DuBay

hearing, concluded that there had been substantial compliance

with Article 25, supra. It said:

> As in Townes, the military judge in this case
> failed to obtain on the record the appellant's
> personal election of trial with enlisted members.
> Four officers and five noncommissioned officers were
> empaneled in the presence of the appellant to hear the
> case. After one officer was excused, the remaining
> three officers and five enlisted members heard this
> fully contested case, including the appellant's
> testimony. At no time during the trial did the

8

> appellant object to trial with enlisted members. Moreover, the appellant did not object to the composition of his court-martial in either his post-trial submissions or his initial appellate pleadings. There was no allegation that the appellant lacked the competence to make a knowing and intelligent election or that he was coerced.

Unpub. op. at 6.  We agree.

## DISCUSSION

Prior to 1983, Article 16(1)(B), UCMJ, 10 USC § 816(1)(B), provided that requests for a trial judge alone be made "in writing."  Likewise, Article 25(c)(1), supra, provided that a request for an enlisted panel be made personally "in writing."

In United States v. Dean, 20 USCMA 212, 43 CMR 52 (1970), the Court held that a request for trial by judge alone which was not made in writing was a jurisdictional defect.  In response, Congress amended Article 16 to provide that a request for trial by judge alone may be made either "in writing" or, for the first time, orally on the record.  Military Justice Act of 1983, Pub. L. No. 98-209, § 3(a), 97 Stat. 1393, 1394.  No change was made to the requirement in Article 25(c)(1) that the accused's personally request in writing that enlisted members be appointed to the court-martial.  Since that change was not made, this Court held in United States v. Brandt, 20 MJ 74 (CMA 1985), that the failure to personally request in writing a trial by a panel composed of enlisted members created a jurisdictional defect. However, in 1986, Congress amended Article 25 to parallel the

9

change it made earlier to Article 16 -- a request that at least one-third of the panel be composed of enlisted members may be made "personally ... orally on the record or in writing...." National Defense Authorization Act for Fiscal Year 1987, Pub. L. No. 99-661, § 803(a), 100 Stat. 3816, 3906.

As in United States v. Townes, 52 MJ 275 (2000), and United States v. Turner, 47 MJ 348 (1997), the record establishes that the selection of an enlisted forum was appellant's choice. There were many opportunities to voice an objection to having enlisted members on the panel, and none was made. The failure to get appellant's request on the record was a procedural error, not a jurisdictional defect. See United States v. Mayfield, 45 MJ 76, 178 (1996).

The decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Morgan, No. 01-0663/AR

SULLIVAN, Senior Judge (dissenting in part and concurring in the result):

I do not think there was any error by the trial judge in this case. See United States v. Van Doren, 182 F.3d 1077, 1080 (9th Cir. 1999) (holding that district court's colloquy with defendant under Fed. R. Crim. P. 11 does not need to be word-for-word from a set script). He explained to appellant his right to enlisted members and was assured on the record that appellant understood this right. (R.6-7) He also asked the defense to indicate its forum selection, but defense counsel deferred. (R.7) Furthermore, he required defense counsel to notify the Government of its forum selection in writing at a later date. (R.68-69) Thus, it was defense counsel who failed to reopen the previously deferred matter with the trial judge on the record. (R.90-91)

In any event, the record as a whole and common sense show substantial compliance with Article 25, Uniform Code of Military Justice, 10 USC § 825, and its requirement that appellant personally request that enlisted members serve on his military jury. See United States v. Townes, 52 MJ 275, 277 (2000)(Sullivan, J., concurring in the result); see also United States v. Turner, 47 MJ 348, 351 (1997)(Sullivan, J., concurring in the result); United States v. Mayfield, 45 MJ 176, 178 (1996) (Sullivan, J., concurring); United States v. Yates, 28 MJ 60 (CMA 1989); United States v. Jette, 25 MJ 16 (CMA 1987); see also United States v. King, 28 MJ 397, 399 (CMA 1989).

The following facts in the record amply support the conclusion that there was substantial compliance with Article 25:

1. Appellant was told by the judge about his right under Article 25 to have one-third of his military jury composed of enlisted members.(R.6-7)

2. Appellant, acting through counsel, elected in writing to have a military jury with enlisted members. (Appellate Exhibit XXXVIII)

3. Appellant was furnished a military jury with enlisted members. (court-martial convening order and R.95-96)

4. In appellant's presence, his civilian defense counsel (a retired JAG Officer and former prosecutor at Fort Sill) participated in the voir dire of the military jury. (R.119)

5. There was no complaint about an Article 25 violation in the clemency materials.

6. In the DuBay[*] hearing after the trial, the military judge found that appellant personally chose to be tried by a court consisting of at least one-third enlisted members. (DuBay hearing record at 82)

Under these factual circumstances, I hold that there was substantial compliance with the statutory requirement for a personal request for a military jury with enlisted members. See Brown v. Burns, 996 F. 2d 219, 220-21 (9th Cir. 1993) (holding analogous rules intended to provide best record evidence of a defendant's express consent). Appellant's conviction for the wrongful importation and possession of 47.38 pounds of marijuana should not be reversed due to his technical attack on the jury's verdict. "Fairness and common sense, not technicalities, should

---

[*] 17 USCMA 147, 37 CMR 411 (1967).

2

rule the law." United States v. Townes, supra at 277. Accordingly, I vote to affirm.

United States v. Morgan, No. 01-0663/AR

EFFRON, Judge (dissenting):

The majority opinion concludes that a document entitled "Notice of Plea and of Forum" submitted prior to trial and signed solely by defense counsel substantially complies with the requirement of Article 25(c)(1), Uniform Code of Military Justice (UCMJ), 10 USC § 825(c)(1), that the accused "personally" request "orally on the record or in writing" that enlisted members serve on the court-martial panel. The opinion is contrary to the express statutory requirement established by Congress, the purposes of the legislation, and the prior case law of this Court. I respectfully dissent.

A convening authority has broad power to detail commissioned and warrant officers to serve on courts-martial. See Art. 25(a) and (b). Congress, however, has sharply limited the authority to assign enlisted personnel to courts-martial. The present case involves the statutory restriction providing that an enlisted member may serve on a court-martial "only if, before the conclusion of a session called by the military judge . . . prior to trial or, in the absence of such a session, before the court is assembled..., the accused personally has requested orally on the record or in writing that enlisted members serve on it." Art. 25(c)(1) (emphasis added). In the present case, the record of the pretrial sessions and the other

proceedings prior to assembly of the court is clear.  No such request was made on the record by appellant or by counsel on his behalf.


I.   ENLISTED PARTICIPATION ON COURT-MARTIAL PANELS - HISTORICAL
     DEVELOPMENT OF THE CHOICES AVAILABLE TO THE ACCUSED

The detailed review of the language, history, and purposes of Article 25(c) by our Court in United States v. White, 21 USCMA 583, 45 CMR 357 (1972), underscores the importance of the rights at stake in this case.  The UCMJ not only gives a servicemember the right to be tried by a panel with enlisted membership, it also gives the member the equally important right to be tried by a panel that does not include enlisted members.

From colonial times through World War II, courts-martial were composed only of officers.  See id. at 584-85, 45 CMR at 358-59.  Following widespread dissatisfaction with the administration of military justice during the Second World War, Congress considered a variety of studies and proposals for change, including change in the composition of courts-martial. See id.; S. Rep. No. 81-486, at 3-4 (1949).

In 1947, the Secretary of War forwarded to Congress legislation which included a provision authorizing the detail of enlisted persons to serve on courts-martial "when deemed proper by the appointing authority."  See 21 USCMA at 585, 45 CMR at

359, quoting Hearings on H.R. 2575 to Amend the Articles of War Before a Subcomm. of the House Comm. on Armed Services, 80th Cong. 1904 (1947).  A competing bill was introduced by Rep. Carol Durham, who had chaired one of the post-War military justice investigations, which included an amendment providing an accused with the "right to demand that enlisted personnel sit on the court."  See 21 USCMA at 585, 45 CMR at 359, quoting 1947 House Hearings, supra at 2163.  During the hearings, Congress received testimony emphasizing that there were mixed views on whether it would be beneficial, from the perspective of the accused, for enlisted persons to sit on courts-martial.  The primary concern was that an accused might not want to be tried before a panel with enlisted court members on the ground that the enlisted members selected by the appointing authority "would be inclined to be considerably harsher than officer court members."  21 USCMA at 586, 45 CMR at 360.

At the conclusion of the hearings, the Committee recommended an amendment to the Articles of War authorizing enlisted personnel to sit on courts-martial "when requested in writing by the accused at any time prior to the convening of the court."  See 21 USCMA at 587, 45 CMR at 361 (quoting H.R. Rep. No. 80-1034, at 1 (1947)).  Reflecting the likely skepticism by an accused about the desirability of being tried before a panel including senior enlisted members, the Committee Report added:

"We seriously doubt that the inclusion of enlisted men as members of the court will benefit enlisted men who are defendants, however, the choice is properly a right of the defendant. Once having exercised that right he must assume the responsibility for the results of his choice." Id. (quoting H.R. Rep. No. 80-1034, at 6).

In 1948, the amendment was included in the statute commonly known as the Elston Act, the comprehensive revision of the Articles of War, which served as the precursor to the UCMJ. Act of June 24, 1948, ch. 625, tit. II, § 203, 62 Stat. 604, 628. As our Court observed in White, Congress further underscored the right of the accused to make a choice when, in applying this provision to all the services, the legislation added that the request for enlisted members must be made "personally" by the accused. 21 USCMA at 588, 45 CMR at 362 (quoting Article 25).

In White, our Court concluded that because "an accused cannot be compelled to be tried by a panel with enlisted members," the failure to obtain the requisite written request prior to trial deprived the court-martial of jurisdiction -- even when there was an oral request by counsel on the record. 21 USCMA at 588-89, 45 CMR at 362-63 (citing McClaughry v. Deming, 186 U.S. 49 (1902)). White emphasized that the requirement of Article 25 was that "an accused 'personally makes that choice and does the signing personally and doesn't delegate

4

it to anyone else—counsel or otherwise.'" Id. at 587, 45 CMR at 361 (quoting Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong. 1147 (1949)). White also relied on United States v. Dean, 20 USCMA 212, 43 CMR 52 (1970), which found jurisdictional error in failure to comply with the parallel language requiring a written request for a trial by judge alone before the court is assembled. See Art. 16, UCMJ, 10 USC § 816.

In 1983, Congress amended Article 16 to permit a request for trial by judge alone "orally on the record or in writing" before assembly of the court. Congress, however, did not make a parallel change in Article 25(c)(1) with respect to the choice of a court composed of enlisted members. Military Justice Act of 1983, Pub. L. No. 98-209, § 3(a), 97 Stat. 1393, 1394; see also United States v. Brandt, 20 MJ 74, 77 (CMA 1985). Absent a parallel change in Article 25(c)(1), our Court declined to permit an oral request for enlisted members -- emphasizing that any such change "is for Congress and not for this Court." Brandt, supra.

In light of our suggestion, Congress subsequently amended Article 25(c)(1) to permit an oral request for enlisted members. Even so, Congress left the remainder of the statute unchanged -- particularly the requirement for a personal choice by the accused prior to assembly. National Defense Authorization Act

for Fiscal Year 1987, Pub. L. No. 99-661, § 803(a), 100 Stat. 3816, 3906.


## II. DEFICIENCIES ON THE RECORD

In United States v. Turner, 47 MJ 348 (1997) (trial by judge alone), and United States v. Townes, 52 MJ 275 (2000), we considered whether an oral request by counsel would constitute substantial compliance with the requirement that the accused make a personal choice of forum "orally on the record" under Articles 16 and 25(c)(1), respectively.  Each case involved an accused who received an explanation of his rights on the record, and whose counsel made an oral request on the record in the courtroom in the presence of the accused.  See 47 MJ at 350; 52 MJ at 276.  Under those circumstances, and in the absence of anything contradictory in the record, we held that there was substantial compliance with the statutory requirements.  47 MJ at 350; 52 MJ at 277.

The present case is different.  The record of the proceedings prior to assembly contains no request for trial by enlisted members by appellant, nor did counsel make such a request on appellant's behalf in appellant's presence.  The Court of Criminal Appeals recognized this deficiency, but erred

United States v. Morgan, No. 01-0663/AR

by relying on a post-trial DuBay[*] hearing to remedy the defective trial proceedings.  The record as to the accused's choice of forum must be made at trial, orally and on the record, Townes, supra at 277; or in the case of a written election, it must be signed by the accused personally, not by counsel.  White, supra.

A jurisdictional deficiency cannot be corrected through a post-trial reconstruction of events in a DuBay hearing.  See United States v. Irvin, 21 MJ 184, 187 (CMA 1986).  A post-trial attempt to reconstruct conversations between counsel and client is no substitute for the statutory requirement of a request on the record.  Likewise, the record cannot be cured through reliance on a unilateral pretrial fax from defense counsel describing what his client "will request" -- a document which on its face describes only a possible future action, not a present request.

Congress has determined that the Sixth Amendment right to trial by jury should not apply to members of the armed forces tried by courts-martial, and that servicemembers may be tried by courts-martial composed of members personally selected by the commander who has exercised prosecutorial discretion to send the case to trial.  In that context, it is particularly important to ensure compliance with the limited rights that Congress has provided servicemembers with respect to selection of forum.

_____

[*] 17 USCMA 147, 37 CMR 411 (1967).

7

In Article 25(c)(1), Congress emphasized the importance of demonstrating that the accused made a clear choice on the record, prior to trial, showing the personal selection by the accused with respect to enlisted members. Article 25(c)(1) reflects congressional recognition that servicemembers not only have the right to a panel including enlisted members, but also the right to a panel excluding enlisted members. The record of trial in the present case is devoid of an affirmative request prior to assembly by appellant, or by counsel acting on his behalf and with his knowledge and approval, for participation by enlisted members. Under these circumstances, the record does not demonstrate substantial compliance with Article 25(c)(1), and appellant's conviction should be reversed.