UNITED STATES, Appellee,

v.

**Rhonda K. BRANDT, Aviation Structural Mechanic (Hydraulics) Second Class, U.S. Navy, Appellant.**

No. 47,938.
NMCM 83–0858.

U.S. Court of Military Appeals.

May 13, 1985.

For Appellant: *Lieutenant Commander Cynthia J. Clemens*, JAGC, USN (argued); *Lieutenant Commander William A. De-Cicco*, JAGC, USN, and *Lieutenant Lois B. Agronick*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Joseph G. Lee*, JAGC, USNR (argued); *Captain W. J. Hughes*, JAGC, USN, and *Lieutenant Joseph J. Portuondo*, JAGC, USNR (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

I

In June 1982, appellant was charged with several violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934; and in August 1982 an additional charge with three specifications was preferred against her under Article 92, UCMJ, 10 U.S.C. § 892. All these charges and specifications were referred to a special court-martial appointed by the commanding officer of Patrol Squadron 19 at Naval Air Station Moffett Field, California.

On August 9, 1982, an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session was conducted where Brandt was represented by her detailed military defense counsel. He announced that "for further proceedings, the accused has retained a civilian defense counsel, Mr. Howard DeNike of San Francisco." During this session, the military judge explained to appellant that she could be tried by members or by judge alone and that, "[i]f you wanted to, you could make a written request to have at least a third of those members be enlisted persons. None of those enlisted members could be from your unit and all the enlisted members would have to be senior to you."

Appellant indicated her understanding of this explanation about the types of trial and stated that she would "reserve ... until a later time" her decision on which to request. After she was arraigned, the court recessed.

On September 2, another Article 39(a) session took place at which appellant explained that she had just obtained the money to retain Mr. DeNike, although she "was also checking on a lawyer in the San Jose area because most of the witnesses will be down in that area." The judge set her trial for September 16; but he announced that he would delay the trial date if he received a request from civilian counsel for additional time.

Subsequently, Mr. DeNike was retained by appellant; and on September 23, he wrote to the trial counsel:

Please find enclosed pre-trial information sheet in the above-captioned matter.

*The accused has elected to request enlisted personnel upon the court, thus the necessary arrangements for their designation by the Convening Authority should be made.*

Finally, I wish to advise that the defense desires the presence of Petty Officer Cynthia Martin at trial. Please advise me as to whether there is any problem with securing her presence at that time.

(Emphasis added.) On September 28, a special court-martial amending order added enlisted members to the court.

When the court-martial reconvened on October 25, appellant was present with her individual military defense counsel and with a civilian attorney, John D. Hickman, who was a partner of Mr. DeNike. After Mr. Hickman indicated that he had no challenge to the judge, this colloquy occurred:

MJ: There was also explained to the accused the difference between trial before judge alone and trial before members, and no decision was made, pending the arrival of civilian counsel. It is my understanding that the accused has, in fact, expressed a desire to be tried before members. Is that right?

ICC: That is correct, Your Honor.

MJ: And has the government received a written request that the membership include enlisted personnel?

TC: Yes, sir.

MJ: Have you taken care of that?

TC: Yes, sir, I have.

MJ: Very well. Would you append that request to the record of trial as an appellate exhibit, please.

TC: Aye, aye, sir.

(The request for enlisted membership is appended and marked as Appellate Exhibit I.)

Subsequently, attention was turned to a defense motion to dismiss for lack of sub-ject-matter jurisdiction under *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). After the motion was denied, appellant entered not-guilty pleas to all the charges and specifications; and trial began before the court-martial composed of officer and enlisted members. The court found her guilty of some of the charges and adjudged a sentence of bad-conduct discharge, confinement and partial forfeitures of pay for 3 months, and reduction to pay grade E-1. The convening authority approved the findings and the sentence except for the forfeiture of pay and confinement in excess of 40 days. The findings and sentence as approved by the convening authority were then approved by the supervisory authority and affirmed in a *per curiam* opinion by the Court of Military Review. This Court granted review on the following specified issue:

WHETHER THE COURT–MARTIAL WAS WITHOUT JURISDICTION SINCE THE WRITTEN REQUEST FOR ENLISTED MEMBERS (APPELLATE EXHIBIT 1) WAS SIGNED BY COUNSEL, RATHER THAN THE ACCUSED.

II

Prior to 1948, only officers were statutorily eligible to serve as court members. By the amendment of Article of War 4, the Congress declared that Army enlisted men would thereafter be eligible to serve as court members and, over the strong objection of the War Department, gave to the accused enlisted man the right to demand their presence.

*United States v. White*, 21 U.S.C.M.A. 583, 588, 45 C.M.R. 357, 362 (1972). The relevant language in the amended Article of War 4 read as follows:

Enlisted persons in the active military service of the United States or in the active military service of the Marine Corps when detached for service with the Army by order of the President, shall be competent to serve on general and special courts-martial for the trial of enlisted persons when requested in writing by the accused at any time prior to the conven-

ing of the court. When so requested, no enlisted person shall, without his consent, be tried by a court the membership of which does not include enlisted persons to the number of at least one third of the total membership of the court. (Emphasis added.)

Thereafter, in 1951, the Uniform Code of Military Justice extended enlisted participation in courts-martial to all of the armed services. Article 25(c)(1), 10 U.S.C. § 825(c)(1), then stated:

Any enlisted person on active duty with the armed forces who is not a member of the same unit as the accused shall be eligible to serve on general and special courts-martial for the trial of any enlisted person who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if, prior to the convening of such court, the accused *personally has requested in writing* that enlisted persons serve on it. After such a request, no enlisted person shall be tried by a general or special court-martial the membership of which does not include enlisted persons in a number comprising at least one-third of the total membership of the court, unless eligible enlisted persons cannot be obtained on account of physical conditions or military exigencies. Where such persons cannot be obtained, the court may be convened and the trial held without them, but the convening authority shall make a detailed written statement, to be appended to the record, stating why they could not be obtained. (Emphasis added.)

In considering the effect of an accused's failure to submit such written request for enlisted members, this Court pointed out in *White*:

The only change of note, with regard to the question before us in this case, was the insertion of the word "personally" before the phrase "has requested in writing." It is clear from the hearings on the Code that this addition was made to reflect congressional intent that an accused "personally makes that choice and does the signing personally and doesn't delegate it to anyone else—*counsel or otherwise.*" Hearings before House Armed Services Committee on H.R. 2498, 81st Congress, 1st Session, page 1147. 21 U.S.C.M.A. at 587–88, 45 C.M.R. at 361–62 (emphasis added). In deference to this clear congressional intent, the Court held in *White* that

a convening authority is without power to designate enlisted members to sit, absent the *personal written request of the accused.* Not even the accused's counsel may act for him. Manifestly, Congress intended that the accused's personal written request be an indispensable prerequisite to an enlisted man's membership on a particular court. No other interpretation of the clear statutory language is reasonable.

*Id.* at 588, 45 C.M.R. at 362.

The Court also noted that its ruling paralleled the holding in *United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970). There, the Court concluded that a court-martial composed of a military judge alone—as authorized for the first time under the Military Justice Act, Pub. L. No. 90–632, 82 Stat. 1335 (1968)—had no jurisdiction to try an accused who had not requested in writing that he be tried in this manner. Even though the Court recognized that a different approach had been taken in applying Fed.R.Crim.P. 23(a), which requires a written waiver of trial by jury, it held that "[w]ithout compliance with the provisions of Article 16 [UCMJ, 10 U.S.C. § 816] for a request in writing, a court composed of a military judge alone is not lawfully constituted as a court." 20 U.S.C.M.A. at 215, 43 C.M.R. at 55.

The position taken in *White* has been reaffirmed from time to time. In *Gallagher v. United States*, 22 U.S.C.M.A. 191, 46 C.M.R. 191 (1973), extraordinary relief was granted to an accused who had been tried by a court including enlisted members despite the absence of his personally signed written request for such membership. Indeed, he received this relief under the All Writs Act, 28 U.S.C. § 1651, even though

eight years earlier the Court had denied his petition for review and a timely petition for reconsideration—neither of which had assigned as an issue the court-martial's lack of jurisdiction. *See also Asher v. United States*, 22 U.S.C.M.A. 6, 46 C.M.R. 6 (1972).

In *United States v. Warren*, 50 C.M.R. 357 (A.C.M.R. 1975), the Court of Military Review found invalid "the proceedings, findings, and sentence" of a special court-martial composed of officers and enlisted members, to which the enlisted persons apparently had been "detailed pursuant to the written request of" the accused's "trial defense counsel that the case be referred to a court 'comprised entirely of lower ranking enlisted men.' " However, the accused himself had not signed a personal written request.

In *United States v. Landrum*, 3 M.J. 160 (C.M.A. 1977), the granted issue was "[w]hether the court-martial was without jurisdiction since the request for enlisted members (appellate exhibit 1) is unsigned." In its summary disposition setting aside the sentence, the court observed:

> Nowhere does the record affirmatively reflect that appellant himself desired enlisted personnel, for his counsel announced there was such a request but appellant was not asked if he concurred after he had expressed his understanding of his right to make such a request. A written request for enlisted personnel is a jurisdictional prerequisite to their service, [citation omitted] . . .

### III

It might be tempting to consider overruling *White* and adopting the view which Chief Judge Quinn expressed in his dissent in *United States v. Dean, supra*, that the requirement of a written request by the accused for trial by a military judge alone could be waived. However, recent history provides reason to resist this temptation. The Military Justice Act, Pub. L. No. 98–209, § 3(a), 97 Stat. 1393, 1394 (1983), amended Article 16 of the Uniform Code, 10 U.S.C. § 816 to provide that a request for trial by military judge alone may be made either "in writing," as previously provided, or, for the first time, "orally on the record." However, no change was made to the requirement in Article 25(c)(1), UCMJ, 10 U.S.C. § 825(c)(1), that an accused personally request in writing that enlisted members be appointed to his court-martial.

Certainly, Congress was on notice of this Court's application of Article 25(c)(1), for *White* had been decided a decade before enactment of the 1983 Act. We can only assume that, if Congress wished to relax the requirement in this Article, it would have taken appropriate action to do so at the same time that it relaxed the parallel requirement in Article 16. *See Sutherland Stat. Const.* §§ 45.12 and 49.09 (4th ed.). Accordingly, we cannot view the Military Justice Act of 1983 as permitting this Court to overturn our now-settled construction of Article 25(c)(1). Instead, following familiar principles of statutory construction, *see Sutherland, supra*, it seems to command us to stand fast until Congress decides to amend that Article.

In the future, Congress may decide that the rights of enlisted persons will not be injured if Article 25(c)(1) is amended to authorize a written request for enlisted court members to be signed by counsel or requested "orally on the record." That choice, however, now is for Congress and not for this Court.

### IV

The decision of the United States Navy-Marine Corps Court of Military Review is reversed and the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of The Navy. A new hearing may be ordered.

Judge COX concurs.

Judge FLETCHER did not participate.