UNITED STATES

v.

Kevin TOWNES, 212 70 4288, Staff Sergeant (E–6), U.S. Marine Corps.

NMCM 95 00849.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 26 May 1993.

Decided 28 April 1999.

Anderson, J., filed dissenting opinion.

LCDR Howard B. Goodman, JAGC, USN, Appellate Defense Counsel.

LCDR Robert C. Klant, JAGC, USN, Appellate Defense Counsel.

LT Margaret E. Jolly, JAGC, USNR, Appellate Government Counsel.

Capt Christopher N. Hamilton, USMC, Appellate Government Counsel.

LCDR Paul Jones, JAGC, USNR, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON and COOPER, Appellate Military Judges.

COOPER, Judge:

The appellant was convicted, by general court-martial composed of enlisted and officer members, of unauthorized absence, premeditated murder, rape of a child, forcible sodomy of a child, assault and battery, and two specifications of indecent acts with a child in violation of Articles 86, 118(1), 120, 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 918(1), 920, 925, 928, and 934 (1994). Appellant pled guilty to the unauthorized absence offense and all charges relating to the molestation of the child. The members found him guilty of premeditated murder and assault consummated by battery. The sentence adjudged was confinement for life,[1] total forfeiture of pay and allowances, reduction to paygrade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged.

We have carefully examined the record of trial, the appellant's ten assignments of error, the Government's responses, and the excellent oral arguments of counsel. We conclude that the first assignment of error, absence of jurisdiction, has merit. We find that the court-martial lacked jurisdiction to try the contested charges because the appellant did not personally elect trial with enlisted members. Because of our findings on this assignment of error, we have not addressed the other nine. Arts. 59(a) and 66(c), UCMJ.

---

1. Confinement for life was the mandatory minimum sentence for the charge of premeditated

## FACTS SURROUNDING THE REQUEST FOR ENLISTED MEMBERS

At the initial Article 39(a), UCMJ, session on 10 February 1993, the appellant was advised by the military judge of his forum rights, including his right to be tried by a court-martial composed of at least one-third enlisted personnel. Record at 6. The appellant acknowledged that he understood these rights and requested to delay his forum selection. The military judge agreed. Record at 6. On 10 March 1993, the military judge and defense counsel discussed possible trial dates and the expected length of the trial. Included in their computations was a day for seating members. The appellant was present at this session. Record at 29. On 24 March 1993, the military judge and the defense counsel discussed that the appellant was contemplating enlisted members as his forum selection. The appellant was not questioned during this discussion. Record at 69. On 8 April 1993, the trial defense counsel informed the military judge that "at this time we make a formal election for officer and enlisted members." Record at 72. The military judge accepted this election without personally questioning the appellant regarding his desire to have enlisted personnel on the members panel. *Id.* There was no written request for trial by enlisted members that had been signed by the appellant.

This was a vigorously litigated case with multiple pretrial sessions and motions. Preliminary sessions were held on 10 February, 10 and 24 March, and 8 and 29–30 April 1993. The first 276 pages of the record of trial concern these motions. During the litigation of at least one of the motions, the issue of the potential for some prejudicial effect on the members and the inadequacy of a limiting instruction to the members was discussed. Record at 43, 50–51. The appellant was present during each preliminary session. On 11 May 1993, the members were present and lengthy voir dire occurred. The original panel included five enlisted persons and four officers. Record at 277–394. There were

murder.

two enlisted members whose qualifications were discussed and who were excused for cause. Record at 394–96. The defense exercised one preemptory challenge against an officer member, leaving a panel of three officers and three enlisted persons. Record at 397. The members heard the case on the merits and sentencing from 17–26 May 1993. The appellant was present during each of the sessions. Record at 450–1325.

When the issue regarding the personal election of enlisted members was submitted to this court, we ordered an evidentiary hearing held to determine what the appellant's intentions were regarding forum selection at the time of trial. *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967). NMCCA Order of 14 March 1997. This hearing was held on 3 May 1997. The appellant testified that he did not recall making any choice as to forum, or selecting the option for himself. Although he recalled attending the trial, he did not recall the procedures of the incidents leading up to the *DuBay* hearing. When asked directly if he, at the time of trial, desired enlisted members, he answered that he did not recall.[2] Record at 25–28.

### Jurisdiction

■ The issue of jurisdiction is a matter of law that we review *de novo*. *United States v. Ayala*, 43 M.J. 296 (1995). *See also United States v. Kosek*, 41 M.J. 60 (C.M.A.1994).

Article 25(c)(1), UCMJ, states in pertinent part:

Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member of a armed force . . . , if, . . . before the court is assembled for the trial of the accused, the accused **personally** has **requested orally** on the record **or in writing** that enlisted members serve on it. (Emphasis added.)

■ The record is clear that the appellant did not personally request, either orally or in writing, that enlisted members serve on his court-martial, but that his trial defense counsel did so on his behalf. The question before us then is whether Article 25, UCMJ, mandates that the appellant must actually do this himself or whether the election can be made for him through counsel. We find that the appellant must do so himself and the act of making the request cannot be delegated.

### Discussion

The appellant argues that this court is bound by our superior Court's ruling in *United States v. Brandt*, 20 M.J. 74 (C.M.A.1985), and the cases which preceded it: *United States v. White*, 21 C.M.A. 583, 45 C.M.R. 357, 1972 WL 14193 (1972), *Gallagher v. United States*, 22 C.M.A. 191, 46 C.M.R. 191, 1973 WL 14479 (1973) and *United States v. Landrum*, 3 M.J. 160 (C.M.A.1977)(summary

2. The relevant portions of that hearing are as follows:

MJ: Again, was it, in fact, your desire as your defense counsel indicated on 8 April 1993 to be tried by enlisted members rather than have your case heard by military judge alone or only officer members?

ACC: Sir, I don't recall what my choice was. I don't recall making any choice as to either of the two or the three. I'm still having a problem understanding what you are saying as far as enlisted, officer. I understand the judge alone, but I don't recall having the choice to make either of those options, sir.

. . . .

ACC: See, sir, I never told anybody personally I wanted judge alone or I wanted a panel. I never actually made that option for myself. I understand exactly [what] you are saying. I'm reading this and I'm following it and I don't have a problem actually comprehending the substance of the words in here, but what I'm trying to get

across to you, sir, is that I never made the choice personally on how I was to be tried.

. . . .

MJ: You don't recall what your desire was with regard to forum?

ACC: Negative, sir. I do not recall.

. . . .

MJ: Was your defense counsel wrong when he said we make a formal election for officer and enlisted members?

ACC: Sir, I don't recall that. I don't want to say he was wrong. I just don't recall the actual incident being forwarded to me.

. . . .

MJ: Then one last question. I can ask this question a number of different ways but since it is in the order, let me ask it directly from the order. Did you desire to be tried by enlisted members?

ACC: I don't recall, sir.

Record at 25–27.

disposition). The appellant also argues that (1) the requirement for an accused to **personally** make the request for enlisted members either orally or in writing is a jurisdictional requirement; and (2) failure to adhere to that requirement resulted in a court-martial tribunal that was not authorized by law to enter a judgement as to the contested charges and the sentence. Appellant's Brief of 18 Apr 1996 at 20. During oral argument, the appellant also asserted that having ineligible members deciding his case materially prejudiced his substantial rights, citing Article 59(a), UCMJ.

The Government asks us to distinguish *Brandt* and apply the rationale of *United States v. Turner*, 47 M.J. 348 (1997) and *United States v. Mayfield*, 45 M.J. 176 (1996). This approach is appealing. If this were a case of first impression, we would view the election of enlisted members as an election of an affirmative right and the method of making the election, i.e., having the accused personally elect either orally or in writing, as only the procedure used to make this election. The appellant was present when the enlisted members were questioned during voir dire and was present when two of those members were excused for cause. He knew that the panel of members who were deciding his fate consisted of both officer and enlisted persons. The trial on the merits and sentencing was held over a 10–day period, and the appellant never once voiced a complaint as to the composition of the court-martial. As in *Turner*, there has been no allegation that he was coerced or was incompetent to make a knowing and intelligent waiver of his right to all officer members. *Turner*, 47 M.J. at 350. Although he now states that he does not remember ever making an election as to forum and does not know what his desires were at the time, he has never said that the election was made contrary to his desires. Record of *DuBay* hearing of 3 May 1997. The appellant has not raised the issue of ineffective assistance of counsel, and we presume that his counsel was competent. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984). We also assume that, as an officer of the court, the trial defense counsel did not knowingly misrepresent the intentions of the appellant before the court-martial. If we were to take this approach, we would find that there was substantial compliance with Article 25, UCMJ, and no material prejudice to the appellant's substantial rights.

However, this is not a case of first impression. The facts of appellant's case fit squarely within the four corners of the decision in *Brandt*. We do not believe it can be factually distinguished, and thus we are not at liberty to overturn that precedent. *United States v. Kelly*, 45 M.J. 259 (1996); *United States v. Allbery*, 44 M.J. 226 (1996). In *Brandt*, our superior court, citing *White* and the legislative history of Article 25, UCMJ, made it clear that Congress intended the election of enlisted members be made by the accused. This election had to be made in writing and signed personally by the accused. His counsel could not act for him. *Brandt*, 20 M.J. at 76. Our superior Court, then the Court of Military Appeals, noted in *Brandt* that, although it might be tempting to overrule *White* and allow this personal election to be waived, they could not do so. *Brandt*, 20 M.J. at 77. It noted that Congress was on notice as to the Court's application of Article 25(c)(1), UCMJ, when it made statutory changes and amended Article 16, UCMJ, in 1983.[3] The Court of Military Appeals stated that it must "stand fast until Congress decides to amend ... Article [25, UCMJ]" *Brandt*, 20 M.J. at 77.

■ In 1986, Congress did amend Article 25, but the amendment substituted the words "has requested orally on the record or in writing" for "has requested in writing." Pub.L. No. 99–661, § 803 (a), 100 Stat. 3906 (1986). The amendment did not delete the word "personally." Thus the appellant's case is the first Article 25, UCMJ, case before us since the 1986 amendments. In our review of the legislative history of Article 25, UCMJ, it seems clear that Congress originally made

3. The 1983 amendments allowed the request for a trial by military judge to be made either orally or in writing. When this change was made,

Congress made no change to Article 25, UCMJ. Pub.L. No. 98–209, § 3(a), 97 Stat. 1394 (1983).

a distinction between the affirmative right to elect trial by military judge alone and the right to request trial with enlisted members. Congress later amended Article 25, UCMJ, but changed only the wording regarding how the election is made, *i.e.,* it could be made orally as well as in writing, and did not delete the requirement for an accused to **personally** make this election. S.Rep. No. 99–331, at 249 (1986), reprinted in 1986 U.S.C.C.A.N. 6444. A significant distinction appears between the wording of Articles 16 and 25, UCMJ—which indicates that Congress affirmatively intended to keep the safeguard for an accused. This is the rationale of *Brandt,* and until our superior Court tells us otherwise, we find that the failure of the military judge to obtain **personally from the appellant, either orally or in writing**, his election of enlisted members was jurisdictional error. Corrective action is required. Cf. *U.S. v. Lanier,* ACM 9700598, —— M.J. ——, —— (A.CT.Crim.App. 2 Apr 1999) slip op. at 9.

We note that the appellant did plead guilty to some of the charges and specifications.[4] The providence inquiry was properly conducted of those charges and findings of guilty to those offenses were properly announced by the military judge. The findings as to those charges and specifications are not affected by the improper composition of the members panel and need not be disturbed. *United States v. Dixon,* 18 M.J. 310 (C.M.A. 1984).

## Conclusion

Accordingly we affirm the findings as reviewed below as to Charge I and its specification, Charge IV and its specification, Additional Charge I and its sole remaining specification, Additional Charge II and its specification, and Additional Charge III and its specification. We set aside the findings as to Charges II and III and their specifications.[5] We also set aside the sentence. A

rehearing on the charges set aside and the sentence is authorized.

Senior Judge LEO concurs.

ANDERSON, Judge (dissenting):

In light of our superior court's reasoning in *United States v. Turner,* 47 M.J. 348 (1997), I find no reversible jurisdictional error in the manner of forum selection in this case.

At the appellant's original Article 39(a), UCMJ, session, the military judge explained his rights to a trial with members, to include a trial with members of one-third enlisted composition, or to a trial by judge alone. After this advice, the appellant confirmed that he understood his rights and that he had discussed the choices with his defense counsel. His counsel then asked to defer the selection of court composition to a later time. At another pretrial session a month later, the defense counsel informed the military judge that the defense had notified the Government in writing of its desire to have a trial with enlisted members. Several weeks later, at another pretrial session, the defense counsel, acting on behalf of and in the presence of the appellant, formally announced the election of trial by officer and enlisted members. The appellant did not object at the time or in any manner at any time throughout the lengthy trial. In addition, the appellant did not object at the time of the convening authority's action, and even after a *DuBay* hearing on the subject, he has never contradicted his counsel's representation to this date. No allegation has been made that he was coerced or was incompetent to make a knowing and intelligent decision.

Although I find a technical violation of Article 25, UCMJ, I find it to be a nonjurisdictional procedural error, and I find substantial compliance with that Article. Furthermore, I conclude that the error did not

---

4. None of the appellant's assignments of error addressed the findings as to the charges and specifications to which he pled guilty.

5. The charges against appellant were as follows:
Charge I—Article 86—Unauthorized absence
Charge II—Article 118—Premeditated Murder
Charge III—Article 128—Assault consummated by a battery

Charge IV—Article 134—Indecent acts with a child
Additional Charge I—Article 120—Rape (of the child)
Additional Charge II—Article 125—Forcible sodomy of a child
Additional Charge III—Article 134—Indecent acts with a child

materially prejudice the substantial rights of the appellant. Art. 59(a). Common sense dictates no other result.

Accordingly, I respectfully dissent.