UNITED STATES, Appellant,

v.

Kevin TOWNES, Staff Sergeant, U.S. Marine Corps, Appellee.

No. 99–5004.
Crim.App. No. 95–0849.

U.S. Court of Appeals for the Armed Forces.

Argued Dec. 9, 1999.

Decided March 8, 2000.

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE and EFFRON, JJ., and COX, S.J., joined. SULLIVAN, J., filed an opinion concurring in the result.

For Appellant: *Lieutenant Margaret E. Jolly,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Commander Eugene E. Irvin,* JAGC, USN (on brief).

For Appellee: *Lieutenant Commander R.C. Klant,* JAGC, USN (argued).

Chief Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellee was convicted of unauthorized absence, rape, forcible sodomy, and various charges relating to the molestation of a child, in violation of Articles 86, 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 920, 925, and 934, respectively. Contrary to his pleas, a panel of officer and enlisted members convicted appellee of non-capital premeditated murder and assault and battery, in violation of Articles 118 and 128, UCMJ, 10 USC §§ 918 and 928, respectively. The convening authority approved the sentence of a dishonorable discharge, confinement for life, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals set aside the contested charges and specifications and authorized a rehearing. 50 MJ 762, 766 (1999).

The Judge Advocate General certified the following issue to this Court:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY HOLDING THAT STAFF SERGEANT TOWNES' FAILURE TO PERSONALLY SELECT ENLISTED MEMBERS WAS JURISDICTIONAL ERROR RATHER THAN PROCEDURAL ERROR THAT SHOULD BE TESTED FOR SUBSTANTIAL COMPLIANCE.

We hold that the judge erred in not obtaining on the record appellee's personal request for a trial by enlisted members. However, under the circumstances of this case, there was substantial compliance with Article 25, UCMJ, 10 USC § 825, and the error by the judge did not materially prejudice the substantial rights of appellee. Art. 59(a), UCMJ, 10 USC § 859(a). Thus, we answer the certified question in the affirmative.

## FACTS

At a session under Article 39(a), UCMJ, 10 USC § 839(a), on February 10, 1993, appellee was advised of his rights concerning trial by a court-martial composed of officer and enlisted members and a trial by judge alone, and appellee stated that he understood his options. On March 24, 1993, the judge and the trial defense counsel discussed a written request for a trial by enlisted members. This request was not signed by appellee. A few days later in appellee's presence, trial defense counsel informed the judge that "at this time we make a formal election for officer and enlisted members." On May 11, 1993, with members present, a lengthy *voir dire* occurred in the presence of appellee. The original panel consisted of 5 enlisted members and 6 officers. After excusal of two enlisted and one officer member, the eight members heard a 10–day contested case. Appellee was present and participated by testifying before the members an entire day. Appellee was also present during the instructions to the members and during the sentencing proceedings.

During the post-trial hearing on this issue which was ordered by the court below 4 years after the court-martial, neither appellee nor his counsel objected to the composition of the court-martial. When specifically asked whether he had elected officer and enlisted members, appellee stated he did not know and did not remember.

The Court of Criminal Appeals reversed because there was neither a personal oral request nor a written request by appellee. 50 MJ at 764. The court noted that the approach taken in United States v. Turner, 47 MJ 348 (1997), and United States v. May-

*field*, 45 MJ 176 (1996), was "appealing." The Court, however, believed it was bound by prior precedent, *i.e.,* United States v. Brandt, 20 MJ 74, 77 (CMA 1985)(Congress intended the election of enlisted members be made by the accused in writing and signed personally by the accused). As a basis for its decision, the Court cited United States v. Kelly, 45 MJ 259 (1996). 50 MJ at 765.

## DISCUSSION

There are two questions presented: first, was there error; and second, was it jurisdictional? We answer the first question in the affirmative and the second question in the negative.

Article 25(c)(1) now authorizes enlisted panel members if "before the court is assembled for the trial of the accused, the accused personally *has requested orally on the record or in writing* that enlisted members serve on it." (Emphasis added.)

Shortly after the holding in *Brandt*, Congress struck the prior language "has requested in writing" in favor of the underlined language. Pub.L. No. 99–661, § 803(a), 100 Stat. 3906 (1986). In passing this provision, the House Report noted that it "is similar to the provision in the Military Justice Act of 1983 authorizing oral requests to be tried by a military judge sitting without a jury." H.R. Rep. 718, 99th Cong., 2d Sess. 225 (1986). This House Report refers to the parallel between Article 16(1)(B) and Article 25(c)(1). Both Article 16 and Article 25 require personal election by the accused as to the forum.

In remarking on the provision for enlisted members, the committee noted that an accused "personally makes that choice and does the signing personally and doesn't delegate it to anyone [e]lse—counsel or otherwise." Hearings on H.R. 2498 Before a Subcomm. of the House Armed Services Comm., 81st Cong., 1st Sess. 1147 (1949). This Court has strictly enforced this provision. United States v. Brandt, supra; United States v. Landrum, 3 MJ 160 (1977); United States v. White, 21 USCMA 583, 45 CMR 357 (1972).

We believe that failure to comply with Article 25 in this case, however, was not jurisdictional because there is sufficient indication by appellee orally and on the record that he personally requested enlisted members. Appellee had been advised of his rights concerning the forum. After delaying this election for a few days, defense counsel in appellee's presence noted appellee's desire to be tried by an officer and enlisted panel. Two months later an officer and enlisted panel was impaneled subject to lengthy *voir dire*. After the members were sworn, the trial continued for 10 days, consisting of 35 sessions. Appellee testified for an entire day before the court members.

There is no allegation of coercion or that appellee was incompetent to make a knowing and intelligent decision. As we said in *Turner, supra* at 350, "[t]he record of trial as a whole makes clear that the selection was the accused's choice, and that the error ... did not materially prejudice the substantial rights of the accused." This does not, however, relieve judges of their obligation to obtain a personal election by the accused on the record.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to that court for further review.

SULLIVAN, Judge (concurring in the result):

Common sense in trial practice must prevail again. *United States v. Turner,* 47 MJ 348, 351 (1997) (Sullivan, J., concurring in the result). In this case, appellee stood next to his counsel as his attorney asked for the jury to be composed of one-third enlisted members. This request on the record followed other on the record discussions about this matter and an "on the record" affirmation by appellee of his knowledge of his right to an enlisted section of the jury. I would hold as I did in *United States v. Turner, supra* ("substantial compliance" with Article 16—the right to trial by judge alone) that there was substantial compliance with Article 25 in the present case. Appellee was present and knowledgeable when his attorney asked for enlisted members. Appellee got enlisted members for his trial. I find his technical attack on the jury's verdict must fail. Fairness and common sense, not technicalities, should rule the law. *United States v. Turner, supra; see United States v. Mayfield,* 45 MJ 176, 177–78 (1996); *United States v. Yates,* 28 MJ 60 (CMA 1989); *United States v. Jette,* 25 MJ 16 (CMA 1987).