*123 SULLIVAN, Senior Judge
(dissenting in part and concurring in the result):
I do not think there was any error by the trial judge in this case. See United States v. Van Doren, 182 F.3d 1077, 1080 (9th Cir. 1999) (holding that district court’s colloquy with defendant under Fed.R.Crim.P. 11 does not need to be word-for-word from a set script). He explained to appellant his right to enlisted members and was assured on the record that appellant understood this right. (R.6-7) He also asked the defense to indicate its forum selection, but defense counsel deferred. (R.7) Furthermore, he required defense counsel to notify the Government of its forum selection in writing at a later date. (R.68-69) Thus, it was defense counsel who failed to reopen the previously deferred matter with the trial judge on the record. (R.90-91)
In any event, the record as a whole and common sense show substantial compliance with Article 25, Uniform Code of Military Justice, 10 USC § 825, and its requirement that appellant personally request that enlisted members serve on his military jury. See United States v. Townes, 52 MJ 275, 277 (2000)(Sullivan, J., concurring in the result); see also United States v. Turner, 47 MJ 348, 351 (1997)(Sullivan, J., concurring in the result); United States v. Mayfield, 45 MJ 176, 178 (1996) (Sullivan, J., concurring); United States v. Yates, 28 MJ 60 (CMA 1989); United States v. Jette, 25 MJ 16 (CMA 1987); see also United States v. King, 28 MJ 397, 399 (CMA 1989).
The following facts in the record amply support the conclusion that there was substantial compliance with Article 25:
1. Appellant was told by the judge about his right under Article 25 to have one-third of his military jury composed of enlisted members. (R.6-7)
2. Appellant, acting through counsel, elected in writing to have a military jury with enlisted members. (Appellate Exhibit XXXVIII)
3. Appellant was furnished a military jury with enlisted members, (court-martial convening order and R.95-96)
4. In appellant’s presence, his civilian defense counsel (a retired JAG Officer and former prosecutor at Fort Sill) participated in the voir dire of the military jury. (R.119)
5. There was no complaint about an Article 25 violation in the clemency materials.
6. In the DuBay * hearing after the trial, the military judge found that appellant personally chose to be tried by a court consisting of at least one-third enlisted members. (DuBay hearing record at 82)
Under these factual circumstances, I hold that there was substantial compliance with the statutory requirement for a personal request for a military jury with enlisted members. See Brown v. Burns, 996 F.2d 219, 220-21 (9th Cir.1993) (holding analogous rules intended to provide best record evidence of a defendant’s express consent). Appellant’s conviction for the wrongful importation and possession of 47.38 pounds of marijuana should not be reversed due to his technical attack on the jury’s verdict. “Fairness and common sense, not technicalities, should rule the law.” United States v. Townes, supra at 277. Accordingly, I vote to affirm.

 17 USCMA 147, 37 CMR411 (1967).