EFFRON, Judge
(dissenting):
The majority opinion concludes that a document entitled “Notice of Plea and of Forum” submitted prior to trial and signed solely by defense counsel substantially complies with the requirement of Article 25(c)(1), Uniform Code of Military Justice (UCMJ), 10 USC § 825(c)(1), that the accused “personally” request “orally on the record or in writing” that enlisted members serve on the court-martial panel. The opinion is contrary to the express statutory requirement established by Congress, the purposes of the legislation, and the prior case law of this Court. I respectfully dissent.
*124 A convening authority has broad power to detail commissioned and warrant officers to serve on courts-martial. See Art. 25(a) and (b). Congress, however, has sharply limited the authority to assign enlisted personnel to courts-martial. The present case involves the statutory restriction providing that an enlisted member may serve on a court-martial “only if, before the conclusion of a session called by the military judge ... prior to trial or, in thé absence of such a session, before the court is assembled ..., the accused personally has requested orally on the record or in writing that enlisted members serve on it.” Art. 25(c)(1) (emphasis added). In the present case, the record of the pretrial sessions and the other proceedings prior to assembly of the court is clear. No such request was made on the record by appellant or by counsel on his behalf.
I. ENLISTED PARTICIPATION ON COURT-MARTIAL PANELS—HISTORICAL DEVELOPMENT OF THE CHOICES AVAILABLE TO THE ACCUSED
The detailed review of the language, history, and purposes of Article 25(c) by our Court in United States v. White, 21 USCMA 583, 45 CMR 357 (1972), underscores the importance of the rights at stake in this case. The UCMJ not only gives a servicemember the right to be tried by a panel with enlisted membership, it also gives the member the equally important right to be tried by a panel that does not include enlisted members.
From colonial times through World War II, courts-martial were composed only of officers. See id. at 584-85, 45 CMR at 358-59. Following widespread dissatisfaction with the administration of military justice during the Second World War, Congress considered a variety of studies and proposals for change, including change in the composition of courts-martial. See id.; S.Rep. No. 81-486, at 3-4 (1949).
In 1947, the Secretary of War forwarded to Congress legislation which included a provision authorizing the detail of enlisted persons to serve on courts-martial “when deemed proper by the appointing authority.” See 21 USCMA at 585, 45 CMR at 359, quoting Hearings on H.R. 2575 to Amend the Articles of War Before a Subcomm. of the House Comm. on Armed Services, 80th Cong. 1904 (1947). A competing bill was introduced by Rep. Carol Durham, who had chaired one of the post-War military justice investigations, which included an amendment providing an accused with the “right to demand that enlisted personnel sit on the court.” See 21 USCMA at 585, 45 CMR at 359, quoting 194,7 House Hearings, supra at 2163. During the hearings, Congress received testimony emphasizing that there were mixed views on whether it would be beneficial, from the perspective of the accused, for enlisted persons to sit on courts-martial. The primary concern was that an accused might not want to be tried before a panel with enlisted court members on the ground that the enlisted members selected by the appointing authority “would be inclined to be considerably harsher than officer court members.” 21 USCMA at 586, 45 CMR at 360.
At the conclusion of the hearings, the Committee recommended an amendment to the Articles of War authorizing enlisted personnel to sit on courts-martial “when requested in writing by the accused at any time prior to the convening of the court.” See 21 USCMA at 587, 45 CMR at 361 (quoting H.R.Rep. No. 80-1034, at 1 (1947)). Reflecting the likely skepticism by an accused about the desirability of being tried before a panel including senior enlisted members, the Committee Report added: “We seriously doubt that the inclusion of enlisted men as members of the court will benefit enlisted men who are defendants, however, the choice is properly a right of the defendant. Once having exercised that right he must assume the responsibility for the results of his choice.” Id. (quoting H.R.Rep. No. 80-1034, at 6).
In 1948, the amendment was included in the statute commonly known as the Elston Act, the comprehensive revision of the Articles of War, which served as the precursor to the UCMJ. Act of June 24,1948, ch. 625, tit. II, § 203, 62 Stat. 604, 628. As our Court *125 observed in White, Congress further underscored the right of the accused to make a choice when, in applying this provision to all the services, the legislation added that the request for enlisted members must be made “personally” by the accused. 21 USCMA at 588, 45 CMR at 362 (quoting Article 25).
In White, our Court concluded that because “an accused cannot be compelled to be tried by a panel with enlisted members,” the failure to obtain the requisite written request prior to trial deprived the court-martial of jurisdiction—even when there was an oral request by counsel on the record. 21 USC-MA at 588-89, 45 CMR at 362-63 (citing McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902)). White emphasized that the requirement of Article 25 was that “an accused ‘personally makes that choice and does the signing personally and doesn’t delegate it to anyone else—counsel or otherwise.’” Id. at 587, 45 CMR at 361 (quoting Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong. 1147 (1949)). White also relied on United States v. Dean, 20 USCMA 212, 43 CMR 52 (1970), which found jurisdictional error in failure to comply with the parallel language requiring a written request for a trial by judge alone before the court is assembled. See Art. 16, UCMJ, 10 USC § 816.
In 1983, Congress amended Article 16 to permit a request for trial by judge alone “orally on the record or in writing” before assembly of the court. Congress, however, did not make a parallel change in Article 25(c)(1) with respect to the choice of a court composed of enlisted members. Military Justice Act of 1983, Pub.L. No. 98-209, § 3(a), 97 Stat. 1393, 1394; see also United States v. Brandt, 20 MJ 74, 77 (CMA 1985). Absent a parallel change in Article 25(c)(1), our Court declined to permit an oral request for enlisted members—emphasizing that any such change “is for Congress and not for this Court.” Brandt, supra.
In light of our suggestion, Congress subsequently amended Article 25(c)(1) to permit an oral request for enlisted members. Even so, Congress left the remainder of the statute unchanged—particularly the requirement for a personal choice by the accused prior to assembly. National Defense Authorization Act for Fiscal Year 1987, Pub.L. No. 99-661, § 803(a), 100 Stat. 3816, 3906.
II. DEFICIENCIES ON THE RECORD
In United States v. Turner, 47 MJ 348 (1997) (trial by judge alone), and United States v. Townes, 52 MJ 275 (2000), we considered whether an oral request by counsel would constitute substantial compliance with the requirement that the accused make a personal choice of forum “orally on the record” under Articles 16 and 25(c)(1), respectively. Each case involved an accused who received an explanation of his rights on the record, and whose counsel made an oral request on the record in the courtroom in the presence of the accused. See 47 MJ at 350, 52 MJ at 276. Under those circumstances, and in the absence of anything contradictory in the record, we held that there was substantial compliance with the statutory requirements. 47 MJ at 350, 52 MJ at 277.
The present case is different. The record of the proceedings prior to assembly contains no request for tidal by enlisted members by appellant, nor did counsel make such a request on appellant’s behalf in appellant’s presence. The Court of Criminal Appeals recognized this deficiency, but erred by relying on a post-trial DuBay * hearing to remedy the defective trial proceedings. The record as to the accused’s choice of forum must be made at trial, orally and on the record, Townes, supra at 277; or in the case of a written election, it must be signed by the accused personally, not by counsel. White, supra.
A jurisdictional deficiency cannot be corrected through a post-trial reconstruction of events in a DuBay hearing. See United States v. Irvin, 21 MJ 184, 187 (CMA 1986). A post-trial attempt to reconstruct conversations between counsel and client is no substitute for the statutory requirement of a request on the record. Likewise, the record cannot be cured through reliance on a unilateral pretrial fax from defense counsel de *126 scribing what his client “will request”—a document which on its face describes only a possible future action, not a present request.
Congress has determined that the Sixth Amendment right to trial by jury should not apply to members of the armed forces tried by courts-martial, and that servicemembers may be tried by courts-martial composed of members personally selected by the commander who has exercised prosecutorial discretion to send the case to trial. In that context, it is particularly important to ensure compliance with the limited rights that Congress has provided servicemembers with respect to selection of forum.
In Article 25(c)(1), Congress emphasized the importance of demonstrating that the accused made a clear choice on the record, prior to trial, showing the personal selection by the accused with respect to enlisted members. Article 25(c)(1) reflects congressional recognition that servicemembers not only have the right to a panel including enlisted members, but also the right to a panel excluding enlisted members. The record of trial in the present case is devoid of an affirmative request prior to assembly by appellant, or by counsel acting on his behalf and with his knowledge and approval, for participation by enlisted members. Under these circumstances, the record does not demonstrate substantial compliance with Article 25(e)(1), and appellant’s conviction should be reversed.

 17 USCMA 147, 37 CMR 411 (1967).