# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, J.A. FISCHER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**ZOYA JOURAVSKA**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201300251**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 22 February 2013.
**Military Judge**: Col C. Philip Betz, Jr., USMC.
**Convening Authority**: Commanding Officer, 1st Supply
Battalion, Combat Logistics Regiment 15, 1st Marine
Logistics Group, MarForPac, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation**: Maj A.J. Workman,
USMC.
**For Appellant**: LT Gabriel K. Bradley, JAGC, USN.
**For Appellee**: CDR James E. Carsten, JAGC, USN; LCDR Keith
B. Lofland, JAGC, USN.

**19 August 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A special court-martial composed of officer and enlisted
members convicted the appellant, contrary to her pleas, of
wrongful use of cocaine and wrongful distribution of ecstasy in
violation of Article 112a, Uniform Code of Military Justice, 10

U.S.C. § 912a. The members sentenced the appellant to six months' confinement, reduction to pay grade E-1, forfeiture of $1010.00 pay per month for six months, a fine of $80.00 and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged, and except for the punitive discharge, ordered the sentence executed.

The appellant raises the following five assignments of error (AOEs): (1) that the military judge erred by admitting the urinalysis results; (2) that the military judge erred by failing to order the production of Corporal (Cpl) M as a witness; (3) that the military judge erred by admitting the inculpatory statements the appellant made to Lance Corporal (LCpl) S; (4) that the appellant received ineffective assistance of counsel at trial; and, (5) that the appellant's conviction for distributing ecstasy was not legally and factually sufficient.[1]

After carefully considering the record of trial and the submissions of the parties, we find partial merit in the fifth AOE listed above. After taking corrective action in our decretal paragraph and reassessing the sentence, we conclude that the remaining findings and the reassessed sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

**Background**

On 4 October 2012, the appellant's company commander, ordered a unit wide urinalysis for Ammo Company, 1st Supply Battalion. The urinalysis was prompted by an anonymous note, discovered the day prior, that stated there was a drug problem within Ammo Company and that a number of company members were avoiding detection because they were not on the urinalysis roster. The note named two Marines who were using drugs and were not on the urinalysis roster. The appellant was named as not being on the urinalysis roster; however, the note did not specifically accuse the appellant of using drugs. When Master Gunnery Sergeant (MGySgt) F, the company operations chief, became aware of the note, he checked the company alpha roster against the company urinalysis roster and discovered approximately 60 Marines, roughly one-third of the company, absent from the urinalysis roster. MGySgt F then notified the company commander of this discrepancy and recommended they

---

[1] AOE's II, III, and IV are raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1992). AOE V is a summary assignment of error.

2

conduct a company-wide unit sweep urinalysis of Ammo Company. MGySgt F testified he made this recommendation to ensure compliance and accountability with the company urinalysis program. The commander agreed and ordered the unit sweep urinalysis. The appellant provided a sample for the urinalysis and it tested positive for cocaine. At trial, the military judge denied a defense motion to suppress the results from the urinalysis and concluded the urinalysis was an "inspection" within the meaning of MILITARY RULE OF EVIDENCE 313(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

The drug distribution charge stemmed from LCpl S's controlled buy of narcotics from the appellant during which LCpl S was acting as a cooperating informant for the Naval Criminal Investigative Service (NCIS). LCpl S testified that NCIS contacted her about assisting them after she told two security battalion friends that she was concerned about a drug problem within Ammo Company. She further testified that she agreed to help NCIS because she didn't like Marines selling drugs to other Marines. LCpl S met the appellant and the appellant's boyfriend, LCpl E, in the barracks smoking area and testified that the appellant and LCpl E were open about their drug use. When LCpl S informed NCIS Special Agent S about this, he asked her to set up the controlled buy.

On 1 October 2012, the appellant conducted the controlled drug buy from the appellant. Following standard procedure, Special Agent S searched LCpl S and her vehicle prior to the controlled buy and found no narcotics. LCpl S was under NCIS agent surveillance both to and from the appellant's barracks room. LCpl S testified that, once in the appellant's room, she gave the appellant the $80.00 Special Agent S had provided her and the appellant gave her a baggie containing a white powdery substance the appellant represented that it was ecstasy. LCpl S returned from the appellant's room with the baggie of white powdery substance and gave it to Special Agent S. Special Agent S indicated the substance field tested positive for ecstasy, however when it was analyzed at the lab it was discovered to be a different controlled substance.

Additional facts necessary for the resolution of each AOE are developed below.

**Discussion**

*Suppression of Urinalysis Results*

In the appellant's first AOE, she asserts that the military judge erred to her substantial prejudice by denying the defense motion to suppress the positive results of her urinalysis. The appellant asks that this court set aside the findings of guilty to using cocaine, set aside the sentence, and remand for a sentence rehearing.

A military judge's ruling denying a motion to suppress evidence is reviewed for abuse of discretion. *United States v. Michael*, 66 M.J. 78, 80 (C.A.A.F. 2008). In conducting a review of a ruling on a motion to suppress, the evidence is considered "in the light most favorable to the prevailing party." *United States v. Reister*, 44 M.J. 409, 413 (C.A.A.F. 1996) (citations and internal quotation marks omitted). We accept the findings of fact made by the military judge unless they are clearly erroneous. *United States v. Leedy*, 65 M.J. 208, 213 (C.A.A.F. 2007).

A command may constitutionally require its military members to submit specimens for urinalysis drug testing as part of a valid military inspection without any showing of probable cause. *United States v. Bickel,* 30 M.J. 277, 285 (C.M.A. 1990). An inspection is an examination, in whole or part, of a unit, organization, installation, vessel, aircraft, or vehicle. MIL. R. EVID. 313(b). The primary purpose of an inspection is to ensure security, military fitness, or good order and discipline. *Id.* An inspection includes, but is not limited to, an examination ensuring that personnel are present, fit, and ready for duty. *Id.* "An order to produce body fluids, such as urine, is permissible in accordance with this rule." *Id.* An examination made for the primary purpose of obtaining evidence for use in a trial by court-martial is not a valid inspection. *Id.*

"[MIL. R. EVID. 413(d)] also provides analysis to apply to inspections that may be suspect." *United States v. Moore*, 41 M.J. 812, 815 (N.M.Ct.Crim.App. 1995) (citation omitted). "In general, the Government must prove by a preponderance of evidence that the examination was a valid inspection, i.e., not a subterfuge to search. Suspect examinations are those whose purpose is to locate weapons or contraband. Urinalysis inspections are commonly considered suspect examinations for the purpose of further analysis to determine if the inspection

4

program is being used as a subterfuge search. . . . If [a] purpose of the examination is to discover contraband *and* if '(1) the examination was directed immediately following a report of a specific offense in the unit, organization, installation, vessel, aircraft, or vehicle and was [not] previously scheduled; (2) specific individuals are selected for examination; or (3) persons examined are subject to substantially different intrusions during the same examination,' the Government's burden is to establish by clear and convincing evidence that the examination was a legitimate inspection. If none of these three factors is present, the Government's burden is by preponderance." *Id.* at 815-16 (quoting MIL. R. EVID. 313(b)).

In this case the military judge applied a preponderance of the evidence standard in concluding the Government met its burden of proving the urinalysis results were acquired from an inspection pursuant to MIL. R. EVID. 313(b). Appellate Exhibit XIII at 4. As expressed in *Moore,* urinalysis tests are commonly considered suspect examinations in search of contraband for purposes of further analysis under MIL. R. EVID. 313(b). The urinalysis test at issue was previously unscheduled and immediately followed an anonymous report of drug use within the unit. Therefore, we find the military judge erred in applying a preponderance of the evidence standard vice the clear and convincing standard required by MIL. R. EVID. 313(b). In this case, however, we are satisfied beyond a reasonable doubt that the military judge's error was harmless because even applying the more stringent clear and convincing standard we agree with the military judge's conclusion that the urinalysis test at issue was an inspection within the meaning of MIL. R. EVID. 313(b). See *United States v. Vassar*, 52 M.J. 9, 12 (C.A.A.F. 1999) (military judge's error in applying an appellate review standard was harmless because the evidence was admissible even if the judge applied the correct standard).

The military judge determined the primary purpose of the unit sweep urinalysis was to "reestablish compliance with unit urinalysis requirements and maintain proper states of readiness." AE XIII at 4. We agree. The urinalysis was clearly prompted by the anonymous note which named specific Marines as using drugs and or not participating in the urinalysis program and also spoke to a drug problem within the company. However, the record is clear that MGySgt F made his recommendation for a unit sweep urinalysis based on the significant percentage of Marines in the company that had not been subject to the company urinalysis program because they were not on the urinalysis roster. Ordering a company-wide unit

5

sweep urinalysis to remedy this program discrepancy was a reasonable and justified reaction to ensure unit fitness and readiness and therefore the urinalysis qualifies as an inspection under MIL. R. EVID. 313(b). *See United States v. Jackson*, 48 M.J. 292, 295 (C.A.A.F. 1998) (information that drugs were being sold in the unit was more than adequate to provide the commander with a reasonable basis to assess the health and welfare of his unit); *United States v. Shover,* 45 M.J. 119 (C.A.A.F. 1996) (urinalysis ordered to reduce tension in the unit after someone had placed marijuana in officer's briefcase while it was in her office supported military judge's finding that primary purpose of urinalysis was valid inspection rather than subterfuge search). We find the Government satisfied its burden, by clear and convincing evidence, to establish the urinalysis was an inspection. Accordingly, we hold that the results of the urinalysis were properly admitted at trial.

**Failure to Compel Production**

In this AOE, the appellant argues that the military judge abused his discretion by denying the motion to compel production of Cpl M.

The standard of review for rulings denying the production of a witness is abuse of discretion. *United States v. McElhaney*, 54 M.J. 120, 126 (C.A.A.F. 2000). An appellate court will not set aside a military judge's denial of a witness unless it has a "definite and firm conviction" that the military judge committed "a clear error of judgment." *Id*. at 126 (citation and internal quotation marks omitted). After taking evidence on the defense motion to compel, the military judge denied the motion, noting: (1) that the request for Cpl M was untimely and (2) that the defense proffer indicated the witness would testify regarding specific instances of conduct of a Government witness and such testimony was inadmissible under MIL. R. EVID. 608(b). Record at 56; AE XI. Furthermore, the military judge found that the defense had failed to establish that Cpl M was material, relevant and necessary to the case. AE XI.

We find that the military judge did not abuse his discretion in denying the request to compel production of Cpl M. Though the military judge cited lack of timeliness as a basis for his denial of the defense requested witness, he analyzed the defense proffer of Cpl M's testimony and rightly concluded Cpl M's proffered testimony would not be admissible. In a post-trial declaration, the appellant claims that Cpl M would have

6

testified regarding the LCpl S's character for untruthfulness, however there is no further indication in the record that Cpl M would have provided such testimony.  Moreover, we are convinced that any testimony Cpl M would have provided would not have impacted the results of the court-martial.  We are satisfied that the military judge did not abuse his discretion in making his ruling based on the defense counsel's proffer of Cpl M's expected testimony and decline to grant relief on this AOE.

We similarly find the appellant's third AOE, alleging that the military judge erred by admitting inculpatory statements the appellant made to Lance Corporal (LCpl) S, to be without merit and not worthy of further comment.

***Ineffective Assistance of Counsel***

By way of a post-trial declaration the appellant contends that her trial defense counsel was ineffective because: (1) he failed to have finger print analysis done on the baggie of white substance LCpl S testified she purchased from the appellant; (2) he failed to call two witnesses to challenge LCpl S's credibility and to testify about her drug use; (3) he failed to call Cpl S as a good military character witness; (4) he did not submit a timely witness request which led to the military judge denying a defense motion to compel a witness; and, (5) he failed to cast doubt on the nature of the substance in the baggie LCpl S testified she purchased from the appellant.

We apply a presumption that counsel provided effective assistance.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Garcia*, 59 M.J. 447, 450 (C.A.A.F. 2004).  This presumption is rebutted only by "a showing of specific errors made by defense counsel that were unreasonable under prevailing professional norms."  *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005) (citing *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001)). Even if defense counsel's performance was deficient, the appellant is not entitled to relief unless he was prejudiced by that deficiency.  *United States v. Quick,* 59 M.J. 383, 385 (C.A.A.F. 2004) (citing *Strickland*, 466 U.S. at 687). If the issue can be resolved by addressing the prejudice prong of this test, we need not determine whether counsel's performance was deficient.  *Id*. at 386 (citing *Strickland*, 466 U.S. at 697) (additional citations omitted).  The appellant bears the burden to demonstrate a level of prejudice that indicates a denial of a fair trial or a trial whose result is unreliable.  *United States v. Dewrell*, 55 M.J. 131, 133 (C.A.A.F. 2001).  The appropriate test for prejudice under

7

*Strickland* is whether there is a reasonable probability that, but for counsel's error, there would have been a different result. *Quick*, 59 M.J. at 387.

The appellant's claims of prejudice from her trial defense counsel's alleged errors are speculative at best. The Government's case against the appellant was strong. The Government introduced evidence showing the appellant's urine sample tested positive for cocaine. With respect to the distribution charge, LCpl S and Special Agent S testified in detail regarding LCpl S's controlled narcotics purchase from the appellant. Special Agent S confirmed LCpl S did not possess any drugs prior to the controlled buy. LCpl S was under NCIS agent surveillance the entire time with the exception of when she was in the appellant's room. LCpl S returned from the appellant's room with the baggie of white powdery substance and without the $80.00 Special Agent S had given her. Nothing in the appellant's post-trial declaration disputes these facts. Instead the appellant asserts that witnesses she requested her trial defense counsel call would have discredited LCpl S by detailing specific instances of LCpl S's own misconduct. However, such evidence is generally inadmissible and, even if it was admitted, we conclude it would not have affected the outcome of the appellant's case. The appellant has not demonstrated a reasonable probability that there would have been a different result but for her counsel's actions. *Quick*, 59 M.J. at 387. Based on the record before us, we conclude that the appellant has failed to overcome the strong presumption of effective assistance of counsel.

## *Legal and Factual Sufficiency*

In a summary assignment of error, the appellant contends that there was insufficient evidence to conclude that the white powdery substance in the baggie was ecstasy and requests this court affirm a conviction for the lesser included offense of attempt to distribute ecstasy.[2] The United States concedes the substance was not ecstasy and that it is appropriate for this court to grant the relief requested by the appellant and affirm a conviction for attempt to distribute ecstasy. We agree and will take appropriate action in our decretal paragraph.

---

[2] Evidence in the record indicates that despite the substance field testing positive for ecstasy, a laboratory test confirmed the substance was not ecstasy.

*Forum Selection*

    Although not raised by the appellant as an AOE, we note
that the military judge did not obtain on the record the
appellant's personal request for trial by enlisted members.  In
response to the military judge's question, the trial defense
counsel confirmed the appellant's forum selection as enlisted
members; however, the appellant did not personally indicate her
forum selection on the record.  Record at 88-89.  While this
failure represented a violation of Article 25(c)(1), UCMJ, under
the circumstances of this case, there was substantial compliance
with Article 25 and the error did not prejudice the substantial
rights of the appellant.  *See United States v. Townes*, 52 M.J.
275, 276-77 (C.A.A.F. 2000).

**Conclusion**

    We set aside the guilty findings to the Additional Charge
and its specification and affirm a guilty finding to the lesser
included offense of attempt to distribute ecstasy, in violation
of Article 80, UCMJ.  In accordance with *United States v. Sales*,
22 M.J. 305, 307-08 (C.M.A. 1986), *United States v. Peoples*, 29
M.J. 426, 428 (C.M.A. 1990), and *United States v. Buber*, 62
M.JU. 476, 479 (C.A.A.F. 2006), and finding no dramatic change
in the penalty landscape, we have reassessed the sentence and
find no further relief is warranted.  Accordingly, we affirm the
remaining findings and the adjudged sentence, as approved by the
CA.

                        For the Court




                        R.H. TROIDL
                        Clerk of Court

9